453 So.2d 220 (1984)
In re the Interest of C.B., a Child.
Mary K. BURK, Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 83-668.
District Court of Appeal of Florida, Fifth District.
July 26, 1984.
Charles J. Roberts of Holcomb, Teriac & Amari, Merritt Island, for appellant.
Douglas E. Whitney, Dist. Counsel, Dept. of Health & Rehabilitative Services, Orlando, for appellee.
COBB, Chief Judge.
The appellant challenges the trial court's order severing her parental rights to her daughter upon a finding of abuse. Contrary to the appellant's position, we find that the order is supported by clear and convincing evidence and that the lack of a factual finding in the initial dependency order did not invalidate the subsequent proceedings below. The appellant's third contention is that the Department of Health & Rehabilitative Services (H.R.S.) was statutorily required to enter into a performance agreement with her before proceeding with permanent commitment efforts, and having failed to do so the order severing her rights is invalid. We reject *221 this position for the reasons hereinafter stated.
An understanding of the relevant statutes, to-wit: part III of Chapter 39 and section 409.608, Florida Statutes (1983), is pertinent to a determination of this issue. Part III of Chapter 39 sets forth the procedures by which the state may intervene to protect a child. Upon the filing of a petition for dependency, the circuit court conducts an adjudicatory hearing[1] at which time it determines whether the child is dependent.[2] Making a finding that the child is not dependent, the court dismisses the case. Upon a finding of dependency, the court may conclude that no action other than supervision of the home is required.[3] However, the court, having found a child dependent and not electing home supervision, has full authority to provide for the dependent child as set forth in section 39.41, Florida Statutes (1983). These dispositional powers include committing the child to the temporary legal custody of H.R.S. or, upon a finding of abandonment, abuse or neglect and the best interests of the child, permanently committing the child to H.R.S. for subsequent adoption.
Section 409.168, Florida Statutes (1983), provides, in relevant part:
(1) The Legislature finds that seven out of ten children placed in foster care do not return to their biological families after the first year and that permanent homes could be found for many of these children if their status were reviewed periodically and they were found eligible for adoption. It is the intent of the Legislature that permanent placements with their biological or adoptive families be achieved as soon as possible for every child in foster care and that no child remain in foster care longer than one year. It is the intent of the Legislature, therefore, to help insure a permanent home for children in foster care by requiring a performance agreement and a periodic review and report to the court on their status.
(2) As used in this section:
* * * * * *
(d) "Foster care" means care provided a child in a foster family or boarding home, group home, agency boarding home, child care institution, or any combination thereof.
* * * * * *
(3)(a) In each case in which the custody of a child has been vested either voluntarily or involuntarily in the social service agency and the child has been placed in foster care, a performance agreement shall be prepared within 30 days after the placement and shall be submitted to the court.
1. The purpose of a performance agreement shall be to record the actions to be taken by the parties involved in order to quickly assure the safe return of the child to his parents or, if such return is untenable, the permanent commitment of the child to the Department or licensed child-placing agency for the purpose of finding a permanent adoptive home.
The appellant maintains that once the state takes physical custody of the child even by placing the child in an emergency shelter, that child is in "foster care" and therefore the Department must arrange for a performance agreement. *222 H.R.S. responds that section 409.608 contemplates such agreements only upon a circuit court committing a child to H.R.S. custody at a disposition hearing as provided by section 39.41; that is, when a circuit court, presented with various statutory methods of disposition, chooses to temporarily commit the dependent child to H.R.S. rather than to return the child to his own home or to permanently commit the child to H.R.S.. The appellant's interpretation would produce absurd results. For example, notwithstanding a clear case of child abuse or abandonment, the consequence of which would be inevitable permanent commitment, H.R.S. would have no choice but to enter into a performance agreement. Accordingly, we hold that a performance agreement is not a prerequisite to permanent commitment.[4] However, in light of the serious nature of permanent deprivation of parental rights and the legislative concern expressed in both Chapter 39 and section 409.168 for placement in the biological family, we certify the following question as one of great public importance:
WHETHER EITHER A PERFORMANCE AGREEMENT OR A PERFORMANCE PLAN AS PRESCRIBED BY SECTION 409.168 IS A PREREQUISITE TO PERMANENT COMMITMENT PROCEEDINGS PURSUANT TO SECTION 39.41(1)(f)1.a.
The order severing the appellant's parent rights is
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] Section 39.08(1), Florida Statutes (1983).
[2] Section 39.01(9), Florida Statutes (1983), provides:

"Child who is found to be dependent" means a child who, pursuant to this chapter, is found by the court:
(a) To have been abandoned, abused, or neglected by his parents or other custodians.
(b) To have been surrendered to the Department or a licensed child-placing agency for purpose of adoption.
(c) To have consistently run away from his parents or legal guardian.
(d) To be habitually truant from school while being subject to compulsory school attendance.
(e) To have persistently disobeyed the reasonable and lawful demands of his parents or other legal custodians and to be beyond their control.
[3] Section 39.409, Florida Statutes (1983).
[4] Nor do we read section 409.168(3)(a), Florida Statutes (1983), as mandating the state to have a performance plan as a condition precedent to a permanent commitment. Such a plan under this section is contemplated when a performance agreement otherwise would be utilized but the parents refuse or are unable for some reason to enter into such agreement.