464 So.2d 201 (1985)
In the Interest of L.T. and C.T., Minor Children.
Willie KNIGHT and Deborah Teal, Appellants,
v.
STATE OF Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 84-1263.
District Court of Appeal of Florida, Fifth District.
February 14, 1985.
Rehearing Denied February 27, 1985.
John B. Root, III, Altamonte Springs, for appellants.
Donald A. Lykkebak, Orlando, for appellee.
*202 DAUKSCH, Judge.
We withdraw the previously issued opinion in this matter and substitute the following instead.
This is an appeal from an order terminating parental rights and ordering the adoption of two children. The parents appeal the order on two grounds, the first of which is the assertion that section 409.168 requires the Department of Health and Rehabilitative Services to enter into a performance agreement before proceedings can be instituted to terminate parental rights. We have decided this issue contrary to the position of the appellant in In Interest of C.B., 453 So.2d 220 (Fla. 5th DCA 1984); Gerry v. Aulls, 457 So.2d 598 (Fla. 5th DCA 1984). But cf. In Interest of C.T.G., 460 So.2d 495 (Fla. 1st DCA Dec. 11, 1984) where the First District Court of Appeal held that the preparation of a performance agreement is mandatory prior to instituting permanent commitment proceedings in every case where a child is placed in foster care. The first district's opinion in In Interest of C.T.G. fails to make the distinction between those cases where the abuse, neglect or abandonment is such that permanent commitment is inevitable and the child is placed in foster care pending institution of such proceedings and those cases where a child is temporarily removed from the home and placed in foster care because it is in the child's best interest under the circumstances as they existed at the time the child was removed. In In Interest of C.B. and Gerry v. Aulls this court held that when a child is adjudicated dependent in a clear case of child abuse, neglect or abandonment, a performance agreement is not a prerequisite to permanent commitment.
As a second point on appeal the appellant alleges error because the trial court failed to make an adequate inquiry and a proper finding that the children were neglected or abused to the extent that the ultimate severing of parental rights was warranted. We agree with appellant that an earlier adjudication or finding of neglect does not satisfy the statute which pertains to the termination of parental rights.
The standard of proof in an initial adjudication of dependency requires proof only by a preponderance of the evidence. See § 39.408(b), Fla. Stat. In permanent commitment proceedings the neglect, abuse or abandonment allegations must be established by stringent clear and convincing evidence standards. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). Thus we hold that in order for the court to lawfully enter an order severing parental rights and commitment for adoption there must be clear and convincing evidence on the record in the commitment proceedings and that the trial court must make specific findings of fact supported by that evidence. We certify that this decision is in conflict with In Interest of C.M.H., 413 So.2d 418 (Fla. 1st DCA 1982).
The order is reversed and this cause remanded for a new hearing.
REVERSED and REMANDED.
FRANK D. UPCHURCH and SHARP, JJ., concur.