476 So.2d 1279 (1985)
Marjorie Mae GERRY, Petitioner,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 66192.
Supreme Court of Florida.
August 30, 1985.
Rehearing Denied November 4, 1985.
*1280 Stephen G. Birr, Tavares, for petitioner.
James A. Sawyer, Jr., Dist. III Legal Counsel, Gainesville, for Dept. of Health and Rehabilitative Services.
Jim Smith, Atty. Gen., and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, for the Honorable Ernest C. Aulls, Jr., Circuit Judge.
Pamela Miles, Tallahassee, and James C. Blecke, Miami, for B.B., the Child.
Donna Richey, the Guardian Ad Litem for the Child.
Christina A. Zawisza, Mark K. Williams, James Dulfer, Henry George White, Jeffrey H. Barker and Brent R. Taylor, Tallahassee, for Florida Legal Services, Inc., amicus curiae.
McDONALD, Justice.
We have for review Gerry v. Aulls, 457 So.2d 598 (Fla. 5th DCA 1984), which certified the following question of great public importance:
WHETHER EITHER A PERFORMANCE AGREEMENT OR A PERFORMANCE PLAN AS PRESCRIBED BY SECTION 409.168 IS A PREREQUISITE TO PERMANENT COMMITMENT PROCEEDINGS PURSUANT TO SECTION 39.41(1)(f)1.a.
Id. at 599. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative.
The trial court adjudicated Marjorie Gerry's son dependent after the child had suffered severe physical abuse, resulting in blindness and brain damage, while in his mother's custody. Gerry petitioned the district court for a common law writ of certiorari on the ground that the trial court departed from the essential requirements of law by denying her motion to require the Department of Health and Rehabilitative Services (HRS) to enter into a performance agreement with her so that she might regain custody of her son. The district court denied Gerry's petition on the basis of its holding in In re C.B., 453 So.2d 220 (Fla. 5th DCA 1984), that HRS need not prepare a performance agreement with a parent before bringing permanent commitment proceedings and terminating parental rights. The district court certified the same question presented in C.B.
In Burk v. Department of Health & Rehabilitative Services, 476 So.2d 1275 (Fla. 1985), we quashed C.B. and held that section 409.168, Florida Statutes (1983), requires that a performance agreement be prepared in every case where a child is in the custody of a social service agency and in foster care. That holding is equally applicable here. We recognize that the child in this case has suffered horrible abuse from which he will probably never recover. Under these circumstances HRS might be justified in preparing a performance agreement for the permanent commitment of the child for adoption because a safe return of the child to his parents is untenable. § 409.168(3)(a)(1). A performance agreement must be offered to Gerry, even if not with a view toward returning custody to her.
Accordingly, we answer the certified question in the affirmative, quash the decision under review, and remand for further consistent proceedings.
It is so ordered.
ADKINS, OVERTON and SHAW, JJ., concur.
ALDERMAN, J., dissents with an opinion with which BOYD, C.J., and EHRLICH, J., concur.
ALDERMAN, Justice, dissenting.
I dissent for the reason stated by me in my dissent to Burk v. Department of Health and Rehabilitative Services, 476 So.2d 1275 (Fla. 1985).
BOYD, C.J., and EHRLICH, J., concur.