COBB, Chief Judge.
In this case the mother of a child permanently committed for adoption appeals that judgment. Although several issues are raised, the appellant’s fourth point is dis-positive in light of recent action by the Florida Supreme Court. That point is framed:
THE TRIAL COURT ERRED IN NOT REQUIRING APPELLEE TO COMPLY WITH SECTION 409.168(3)(A), FLORIDA STATUTES, WHICH REQUIRES A PERFORMANCE AGREEMENT IN EACH CASE WHERE CUSTODY OF A *1039 CHILD HAS BEEN VESTED VOLUNTARILY OR INVOLUNTARILY IN THE SOCIAL SERVICE AGENCY AND THE CHILD HAS BEEN PLACED IN FOSTER CARE.
In Burk v. Department of Health & Rehabilitative Services, 476 So.2d 1275 (Fla.1985), and Gerry v. Department of Health & Rehabilitative Services, 476 So.2d 1279 (Fla.1985), the Florida Supreme Court, in four-to-three opinions, agreed with the position herein asserted by the appellant: under the language of section 409.168, Florida Statutes (1983), a performance agreement must be prepared by the Department of Health and Rehabilitative Services and offered to parents in every case in which a social service agency obtains custody of a dependent child as a condition precedent to termination of parental rights.
REVERSED and REMANDED.
UPCHURCH and SHARP, JJ„ concur.