495 So.2d 873 (1986)
Alfred and Patricia DARKES, Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 85-1680.
District Court of Appeal of Florida, Fifth District.
October 9, 1986.
*874 Donald T. Smallwood, Kissimmee, for appellants.
Jim Smith, Atty. Gen., and Jason Vail, Tallahassee, for appellee.
SHARP, Judge.
Appellants appeal from that portion of an order which permanently terminated their parental rights to their five youngest children.[1] The basis for the permanent termination was a finding by the trial court that appellants failed to substantially comply with the requirements of three performance agreements[2] entered into by them and HRS, and that the children were neglected as defined in Chapter 39 of the Florida Statutes. We reverse.
Failure to comply with a performance agreement is not by itself a sufficient legal basis for permanently terminating a parent's fundamental right to the custody of his or her children. In the Interest of R.W., 495 So.2d 133 (Fla. 1986). Permanent termination of parental rights must be based on a showing of neglect, abuse or abandonment.[3] The court's prior finding of neglect, which resulted in the children's dependency status in this case, is not sufficient to satisfy the burden of proving neglect in a permanent termination proceeding.[4] Further, appellee failed to present at this hearing clear and convincing evidence of neglect of the children by appellants. Thus, termination of appellants' parental rights cannot be sustained on that basis.[5]
REVERSED.
UPCHURCH, C.J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] The order denied termination as to appellants' two older children and continued their custody with the Department of Health and Rehabilitative Services for six months.
[2] § 409.168, Fla. Stat. (1985).
[3] In the Interest of R.W., 481 So.2d 548 (Fla. 5th DCA 1986); In the Interest of T.S. v. Dept. of Health and Rehabilitative Services, 464 So.2d 677 (Fla. 5th DCA 1985); § 39.41(1)(f)(3)(a), Fla. Stat. (1985).
[4] In the Interest of T.S. v. Dept. of Health and Rehabilitative Services, 464 So.2d 677 (Fla. 5th DCA 1985); In the Interest of L.T., 464 So.2d 201 (Fla. 5th DCA 1985).
[5] Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); Torres v. Van Eepoel, 98 So.2d 735 (Fla. 1957); In the Interest of L.T., 464 So.2d 201 (Fla. 5th DCA 1985); In the Interest of J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982); § 39.41(1)(f), Fla. Stat. (1985).