THOMPSON, Judge.
Carol Faver appeals a final order terminating parental rights. We have jurisdiction. Fla.R.App.P. 9.020(g)(3), 9.030(b)(1)(A). Faver argues that the trial court’s order is not supported by facts showing clear and convincing evidence of neglect, abuse or abandonment and that the trial court’s order does not include specific findings, but merely tracks the language of the Florida Statutes. We disagree and affirm the entry of the order.
In the case sub judice, the trial court entered an order which was very specific and very detailed. The trial court listed the services that had been offered Faver and detailed her unwillingness to comply with requests of the service providers, although she was capable of performing these requests. The trial court also detailed how Faver had not substantially complied with a performance agreement she signed, although she was capable of complying. In the Interest of J.R.C., 480 So.2d 198 (Fla. 5th DCA 1985). Cf. In The Interest of L.T., 464 So.2d 201 (Fla. 5th DCA 1985) (a performance agreement is not a prerequisite in termination of parental rights eases where the child was placed in foster care and the permanent commitment was inevitable). Clear and convincing record evidence supported the trial court’s decision to terminate parental rights and this decision will not be disturbed on appeal. See In the Interest of D.J.S., 563 So.2d 655, 662 (Fla. 1st DCA 1990) (“a trial court’s determination that evidence is clear and convincing will not be overturned unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing”).
Further, we find the trial court’s order complied with section 39.467, Florida Statutes (1993). After the trial court conducted a disposition hearing, it entered an order which listed the factors that supported its findings. The trial court’s order shows that it considered all of the factors in section 39.467(2)(a)-(k), Florida Statutes (1993) in determining that severing parental rights was in the best interest of the child. Although the trial court could have set forth more findings supporting those grounds based on the numerous incidents that occurred during the ease, the trial court adequately set forth the grounds for termination and the facts supporting those grounds. We affirm the entry of the court order.
AFFIRMED.
HARRIS, C.J., and COBB, J., concur.