PLEUS, J.,
dissenting.
I reluctantly dissent for the reason that the trial court did not comply with the clear mandate of section 39.811(5), Florida Statutes, which requires the trial court to state in writing the facts upon which termination was based. This requirement is important to the administration of justice because it is the only way an appellate court can determine error. In its brief, DCF acknowledges that the court’s order did not set out the facts but merely tracked the statutory factors listed in section 39.810, Florida Statutes.
In the case of L.T. v. Dept. of Health and Rehabilitative S6ervices, 464 So.2d 201, 202 (Fla. 5th DCA 1985), this court stated that “the trial court must make specific findings of fact supported by” the clear and convincing evidence. Similarly, in Moore v. Department of Health and Rehabilitative Services, 664 So.2d 1137 (Fla. 5th DCA 1995), the trial court was reversed because the order terminating parental rights failed to specify what conduct the mother committed toward the children.
I would remand for an appropriate and written order setting forth the findings of fact to support the termination order.