PER CURIAM.
This appeal reaches us from a purported final order of the trial court disposing of two motions filed on behalf of appellee. Appellee moved to dismiss the appeal on the ground that the order was non-final and not appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C). Upon representation by appellant that the order contained a paragraph determining the issue of liability in favor of a party seeking affirmative relief, we denied the motion to dismiss, treating the appeal as an appeal of a non-final order pursuant to Rule 9.130(a)(3)(C)(iv).
This cause arose from an inverse condemnation complaint filed by appellee in 1982. Count I of the complaint alleged that in a 1981 eminent domain proceeding the Department of Transportation had acquired a portion of Mobile’s property and that during those prior proceedings, witnesses for the department were allowed to testify that appellee’s access to and from University Boulevard would not be closed prior to the *1026 construction of an access or service road. Mobile contended that contrary to the promissory representations, access was closed to vehicular and pedestrian traffic before the service road was completed resulting in a further taking of the property. Count II of the complaint alleged a failure to construct the access or service road in accordance with the plans and specifications placed into evidence at the eminent domain trial some one year before and further that the department had failed to comply with the promissory representations made to the jury at that prior trial causing Mobile to suffer a loss of income.
The order in question reads as follows: THIS CAUSE came on to be heard upon plaintiff’s Motion for Determination of Taking by the Division of Administration, State of Florida Department of Transportation, and to Set for Jury Trial on Issues of Damages and/or Full Compensation and Motion for Order Requiring Payment of Expenses and the Court having held a full evidentiary hearing on both motions, considered legal memoranda of the parties and being otherwise fully advised in the premises, it is, thereupon,
ORDERED AND ADJUDGED:
1. Plaintiff’s Motion for Determination of Taking by the Division of Administration, State of Florida Department of Transportation, and to Set for Jury Trial on Issues of Damages and/or Full Compensation is hereby denied. See State of Florida, Department of Transportation v. Donahoo, 412 So.2d 400 (Fla. 1 DCA 1982).
2. Plaintiff has presented sufficient evidence of defendant’s failure to build an access/serviee road into its property in accordance with its sworn testimony at a prior trial so as to make the issue of damages a question for a jury. See Central and Southern Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4 DCA 1974); Poe v. State Road Department, 127 So.2d 898 (Fla. 1 DCA 1961); and State Road Department v. Lewis, 156 So.2d 862 (Fla. 1 DCA 1963). By separate order of the Court, the matter of damages will be set for jury trial.
3.On Plaintiff’s Motion for Order Requiring Payment of Expenses, the Court finds that defendant has misused and abused the Florida Rules of Civil Procedure, for which the Court hereby assesses an attorney’s fee of $450.00 against the defendant. Said sum shall be paid by defendant to William L. Coalson, Esquire, forthwith.
DONE AND ORDERED in chambers, Duval County Courthouse, Jacksonville, Florida, this 1st day of July, 1982.
The first motion considered by the trial court is disposed of by paragraphs one and two of the order; the second motion is encompassed in paragraph three of the order. The record reveals that at the eviden-tiary hearing held on the motions the court received testimony relating to both counts of the complaint as well as the assessment of fees sought by Mobile’s attorneys.
The first motion, as it related to Count I of the complaint was decided in favor of the department and could obviously not be the subject of an appeal by that favored party. That aspect of the order as well as paragraph three responding to Mobile’s motion for order requiring payment of expenses, decided favorably to Mobile, is likewise not appealable under Rule 9.130. However, the trial court disposed of the issue in Count II of the complaint ruling that Mobile had met the threshold requirements establishing the department’s liability for its failure to comply with the plans and specifications and construct the project in accordance with the representations of its agent given at the initial eminent domain proceeding. Paragraph two of the order does constitute an appealable non-final order as it determined liability in favor of the party seeking affirmative relief permitted by Rule 9.130(3)(C)(iv).
It is generally held that a judgment rendered in an eminent domain proceeding is not conclusive as to the items of damage which were not in issue or within the scope of the issues or with respect to which the owner’s right to sue was expressly reserved. Thus, the condemnation judgment does not *1027 preclude a subsequent claim for injuries caused by a new and distinct act of the condemnor or by negligent or wrongful acts, or by unlawful use of the condemned property, or by the construction of the work in question in a manner different from that originally contemplated. Poe v. State Road Department, 127 So.2d 898, 900 (Fla. 1st DCA 1961).
The initial eminent domain case preceded this action by a year. The issue of damages in this case was clearly not before the jury. The loss of income by appellee, if provable, would result not from the initial taking but from the department’s subsequent failure to provide continuous accessibility to appellee and its customers as the department represented and promised at the trial on the taking.
We sustain the trial court’s conclusion that Mobile properly lodged its complaint against the department for failure of the department to construct the project in accordance with the plans and specifications as well as promissory representations previously made, thus entitling Mobile to this claim for additional damages. Relying on Central and Southern Florida Flood Control District v. Wye River Farms, Inc., 297 So.2d 323 (Fla. 4th DCA 1974), State Road Department v. Lewis, 156 So.2d 862 (Fla. 1st DCA 1963), and Poe for guidance, the record adequately supports by substantial competent evidence the trial court’s findings and determination of the issue of liability against the department and in favor of Mobile. The trial court’s order is affirmed in accordance with our holdings in this opinion.
JOANOS and WIGGINTON, JJ., and SHAW, LEANDER, Associate Judge, concur.