467 So.2d 459 (1985)
MEDICAL EQUIPMENT RENTAL COMPANY, Medical Equipment Repair Company, Advanced Cardiac Systems, Inc., and Kenneth Perdue, Individually, Appellants,
v.
Ronald TARR and H. Joann Wright, Appellees.
No. 84-286.
District Court of Appeal of Florida, Fourth District.
April 17, 1985.
Val L. Osinski, Law Offices of Val L. Osinski, Coral Springs, for appellants.
Joel D. Kenwood, Heeg, Kenwood, Stone & Shane, P.A., Boca Raton, for appellees.

ON PETITION FOR REHEARING
DOWNEY, Judge.
By petition for rehearing appellees have pointed out that we are as guilty of premature action in this case as the trial court was found to be in our opinion of January 4, 1985. We concede our error, grant the petition for rehearing, withdraw our opinion of January 4, 1985, and in its stead issue the following opinion:
This is a non-final appeal, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), from an order granting the plaintiffs-appellees a partial summary judgment. Since the trial court granted a partial summary judgment as to count five, which sought rescission of the contracts in question, and that count sets forth a cause of action separate, distinct and independent of the other counts, the summary judgment is final and subject to plenary appeal. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974). Accordingly, we will treat this as a plenary appeal.
Appellees brought suit against appellants in five counts arising out of a business relationship wherein appellees contracted that before, during or after termination of their employment with the appellant corporations they would be liable for liquidated damages in the event they used or caused to be used information regarding repair of certain medical equipment. A sample of one of the provisions of said *460 contract is footnoted in the margin.[1] In counts one and two appellees[2] claim damages for failure of appellants to return leased medical equipment. In counts three and four appellees claim damages for fraud and violations of section 607.157, Florida Statutes (1983). In count five Tarr seeks rescission of two agreements (see sample in footnote one). The trial court granted a summary judgment for appellees, finding that each agreement contained "an unconscionable penalty rather than liquidated damages." We reverse.
The applicable rule in the determination of liquidated damages versus a penalty is set forth in Bruce Builders, Inc. v. Goodwin, 317 So.2d 868, 869 (Fla. 4th DCA 1975) as follows:
[W]hether a clause in a contract is one for liquidated damages or a penalty depends upon whether or not the damages flowing from a breach are readily ascertainable at the time the contract is executed. If the damages are ascertainable on the date of the contract, the clause is a penalty and unenforceable; if they are not so ascertainable, the clause is truly one for liquidated damages and enforceable; however, if subsequent circumstances demonstrate it would be unconscionable to allow the seller to retain the sum in question as liquidated damages, equity may relieve against the forfeiture.
For aught we find in the record it would appear that breach of the agreement regarding the equipment in question could well involve trade secrets resulting in unknown damages. Therefore, the contract provision may be one for liquidated damages rather than a penalty. Furthermore, if the provision should ultimately be held to be one for liquidated damages, the question of whether the amount provided is unreasonable and unconscionable is another fact question to be decided by the trial court. Thus, summary judgment was premature.
Accordingly, we reverse the order appealed from and remand the cause for further proceedings.
REVERSED and REMANDED.
ANSTEAD, C.J., concurs.
HURLEY, J., dissents without opinion.
NOTES
[1] If before, during, or after termination of my employment, either direct or by contract, with Medical Equipment Repair Company, and/or Advanced Cardiac Systems, I use, divulge, or cause to be used any information regarding the repair of pressure transducers I agree that irreparable damage will result to said companies and I agree that I will be liable for damages of not less than One hundred thousand dollars ($100,000.00) to be paid on demand by me or any future employer to whom I may divulge information regarding the repair of transducers.
[2] Wright is only a nominal appellee.