UPCHURCH, Chief Judge.
Sharon Hyder appeals an amended summary final judgment in a suit to foreclose a mortgage.
*985 Appellee, the law firm of Dempsey & Goldsmith, P.A., filed suit against Hyder seeking to recover payment for legal services allegedly rendered on her behalf and to foreclose a mortgage on real property owned by Hyder. The law firm alleged that Hyder had executed a note and mortgage securing the payment of $40,000 for legal services. The note provides that “this obligation represents a line of credit.” The law firm also alleged that in addition to the $40,000 worth of legal services, Hy-der owed an additional sum for legal services. In her answer and affidavits, Hyder denied owing this amount and disputed the reasonableness of these charges. The trial court entered summary judgment of foreclosure for the amount of the note plus costs but provided that all issues pertaining to liability for any additional fees would be adjudicated at a later date before the trier of fact.
A summary judgment should not be granted unless there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla.1966); O’Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982). The party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. Moore v. Morris, 475 So.2d 666 (Fla.1985). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it. Id.
According to Hyder, Dempsey admitted that she did not owe $40,000 for legal services at the time she executed the mortgage and note. The record contains only a summary of the charges by the law firm and a notation that they are for a divorce, breach of contract and tax matters. There is no detailed description of the services rendered, no affidavits as to reasonable charges filed by other attorneys, and no admissions by Hyder that these legal services were reasonable or were owed to Dempsey. In fact, in her answer, various motions and affidavits, Hy-der has either denied owing this amount or disputes the reasonableness of these charges. Since Hyder does not admit receiving $40,000 worth of legal services, there is a genuine issue of material fact as to the reasonableness of the attorney fees and the amount owed by Hyder. Accordingly, the summary final judgment is reversed and the cause remanded for further proceedings. See Medical Equipment Rental Co. v. Tarr, 467 So.2d 459 (Fla. 4th DCA 1985).
Hyder also contended in a motion for rehearing that one parcel sought to be foreclosed was her homestead at the time of execution of the mortgage and that her husband had not joined in its execution. See Art. X, § 4, Fla. Const. Hyder alleges that the homestead nature of the property was known to the law firm but that she was pressured into executing the mortgage by the threat of withdrawing its representation if she did not. We do not reach the homestead question at this time nor have we considered its validity but hold that, on remand, Hyder should be permitted to raise this defense by amendment to her answer.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.