511 So.2d 1103 (1987)
FLORIDA POWER & LIGHT COMPANY, Appellant,
v.
AMERICAN LIMITED CORPORATION, Appellee.
No. 86-1464.
District Court of Appeal of Florida, Fifth District.
September 3, 1987.
Barry R. Davidson and John W. Little, III, of Steel, Hector & Davis, Miami, for appellant.
William L. Coalson of Greene, Greene & Coalson, P.A., Jacksonville, for appellee.
COBB, Judge.
Florida Power and Light Company (FPL) filed a condemnation proceeding seeking a 300-foot wide easement across land in Putnam County owned by American Limited Corp. American counterclaimed for specific performance, asserting that FPL had orally contracted to buy the land in question for $150,000. FPL answered the counterclaim and raised the statute of frauds[1] as an affirmative defense. The specific performance claim was severed for separate trial from the condemnation action.
At the conclusion of a nonjury trial, the trial judge granted specific performance requiring conveyance of the property to FPL for $150,000. This holding was based on a finding that promissory estoppel negated the statute of frauds defense. We reverse. Promissory estoppel is not a valid bar to the statute of frauds defense under Florida law. Tanenbaum v. Biscayne Osteopathic Hospital, Inc., 190 So.2d 777 (Fla. 1966). Equitable relief is not available to one who relies upon the validity of an unenforceable express contract rather than seeking quantum meruit relief. 27 Fla.Jur.2d, Statute of Frauds, § 12 (1981).
REVERSED.
ORFINGER, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent, but not too strongly because perhaps the pleadings must be stretched a bit to reach my conclusion. In my view, when the parties agreed upon the $150,000 figure the actual consideration for that sum was the forbearance from a defense of the condemnation action  not the conveyance of the land. FPL had the legal right and authority to condemn the land and take it away from the appellee so there was not really a price-for-conveyance agreed upon. If no land conveyance was involved in the $150,000 agreement then the statute of frauds is not involved, but merely an oral contract for payment to facilitate the taking. I would sustain the trial judge's result.
NOTES
[1] See § 725.01, Fla. Stat. (1985).