PER CURIAM.
Appellant challenges a partial summary judgment rendered against him on count two of his counterclaim. We affirm.
Roy and Ouida Talley, the appellees, filed suit against appellant and several others to obtain monetary and injunctive relief, to recover real property and to quiet title to property. The property at issue was at one time owned by both appellees, but was *617 later transferred to Ouida Talley individually. While owned by both appellees, the property was leased to a corporation owned by the appellant, who in turn operated a business on the leased property. According to the complaint, appellant defaulted on his lease obligations and, also, caused a quitclaim deed to be executed by a party not related to this appeal to Fuller, a party unrelated to this appeal. This quitclaim deed purported to transfer the property owned by the appellees. It was further alleged that after the execution of the quitclaim deed, appellant entered into a lease agreement with Fuller. Upon learning of these actions, the appellees filed suit. In their multi-count complaint, the Talleys sought relief as follows: Count I, ejectment of Fuller; Count II, quiet title; Count III compensatory and punitive damages for slander of title; Count IV, rent, plus interest, owed by appellant; and in Count V, injunctive relief. In an amendment adding Count VI, appellees sought to eject appellant.
The appellant and the other defendants filed an answer and affirmative defenses. The appellant also filed a two-count counterclaim. In their fourth affirmative defense, appellant and the others alleged that the Talleys had contracted with appellant to operate a stable business on the property, and that in return for appellant’s services the property would be conveyed to appellant upon the death of Roy Talley. In the counter-claim, appellant sought in Count I the establishment of lien for work done on the subject property. In Count II of the counterclaim, appellant requested specific performance of the contract for conveyance of the property to appellant. Appellant alleged in Count II that he has operated the business on the property as agreed and remains willing and able to continue operating the stable business until Roy Talley’s death.
In the order under appeal, the trial court granted the appellee’s motion for partial summary judgment with respect to Counts I (ejectment of Fuller) and Counts II (ejectment of appellant) of the amended complaint. The trial court also granted partial summary judgment, in favor of the appel-lees, on Count II of the counterclaim (specific performance). As for Count I of the counterclaim, the trial court granted partial summary judgment in favor of the appel-lees as to any claim for services rendered by appellant prior to the date of appellant’s execution of a general release.[1]
Preliminarily, although the appel-lees have not raised this issue, we have sua sponte considered whether the order granting partial summary judgment is appeal-able. There is a well-established rule against permitting piecemeal appeals of claims which are legally interrelated and which, in substance, involve the same transaction. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1, 5 (Fla.1974). This rule is not absolute, however, since, as stated by the Mendez court:
[W]hen it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and delayed of appeal because of the penden-cy of other claims between the parties.

Id.

Here, the appellant makes no argument concerning the grant of partial summary judgment as to the ejectment counts of appellees’ amended complaint nor as to Count I of appellant’s counterclaim. Instead, appellant takes issue only with the denial of his claim for specific performance of the oral contract to convey real property. However, consistent with Mendez, we find the appeal of the judgment on this count of the counterclaim to be permissible under the facts of this case. This count is *618 “separate, distinct and independent”[2] of the other counts. None of the other claims are dependent upon a certain resolution of the specific performance claim, nor does the denial of specific performance necessarily require a factual finding relevant to the other counts. See, Kirkland v. State Dept. of HRS, 489 So.2d 800, 801 (Fla. 1st DCA 1986). While the grant of partial summary judgment in favor of the appel-lees on the specific performance count did not dispose of all claims as to a party, such a result is not a prerequisite for appeal of a partial summary judgment.[3] The removal of a single party is only a useful way of evaluating the appealability of a partial summary judgment. Given the nature of this case, we find the appeal is permissible.
Turning now to the merits, appellant argues that because he complied with his end of the bargain, that is, because he worked on the property, the claim of specific enforcement should be granted. Appellant argues in his initial brief that the oral contract at issue is “to devise or convey real estate.” In his reply brief, appellant argues that this action is not to enforce an oral contract to make a will or devise, which he concedes is clearly barred by section 732.701, but is instead, an action to obtain “specific performance of contract rights in which part performance of an alleged contract has been accomplished and legal title is to be passed by will or devise.” Perhaps we fail to grasp the subtle distinction appellant suggests. But no matter how described, the fact remains that the alleged contract was oral.
Regardless of whether the contract is one for the conveyance of property or for the devise of property, the oral contract is not enforceable. Section 725.01, Florida Statutes (1989), provides that no action shall be brought on a contract for sale of real property, or any interest therein, unless the contract is in writing. Similarly, section 732.701(1), Florida Statutes (1989), provides that no agreement to make a will or a devise shall be binding and enforceable unless in writing and signed by the agreeing party in the presence of two attesting witnesses. The fact that appellant worked on the property and thus partially performed the terms of the oral contract does not make that contract capable of specific enforcement. It is uncontroverted that whatever relationship existed between appellant and appellees, whether that of employers-employee, partnership, or landlord and tenant, has long since been repudiated by the actions of both parties, and ceased to exist by the time of the filing of this action. If the contract is viewed as a promise to make a conveyance on the death of Roy Talley based upon appellant’s continued furnishing of unspecified services, appellant’s partial performance, at most, would entitle him to seek quantum meruit relief. See, W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA), rev. denied, 388 So.2d 1114 (Fla.1980) and Florida Power & Light Co. v. American Limited Corp., 511 So.2d 1103 (Fla. 5th DCA 1987); see generally, 27 Fla. Jur.2d, Statute of Frauds, § 12 (1981). Nor will partial performance compel specific enforcement when the contract is viewed as a promise to make a devise. First Gulf Beach Bank and Trust Co. v. Grubaugh, 330 So.2d 205 (Fla. 2d DCA), cert. denied, 336 So.2d 106 (Fla.1976).
Finding appellant’s arguments on appeal to be without merit, we AFFIRM.
SMITH, NIMMONS and ALLEN, JJ., concur.

. On November 1, 1983 appellant and Fuller executed a General Release of all claims, damages and causes of actions against appellees arising out of or in connection with the real property in issue. The agreement also specified that appellant would be due no compensation from appellees for services rendered except upon itemized statement submitted on a monthly basis, and mutually agreed upon by the parties. After further difficulties between them, appellant, some five years later, attempted to repudiate this release based upon alleged duress.

. Medical Equipment Rental Co. v. Tarr, 467 So.2d 459 (Fla. DCA 1985).

. Rule 9.110(k), Florida Rules of Appellate Procedure, provides that if a partial summary judgment totally disposes of an entire case as to a party, it must be appealed within thirty days if it is to be appealed at all.