BASKIN, Judge
(specially concurring).
I concur with the majority view that the order is not ripe for review; however, I disagree with the majority’s apparent decision that the order on appeal does not determine the issue of liability in favor of appellee.
Appellee, Carolyn Hill, did not file an action against Stacey Hill, the City’s employee; he is not a defendant. Appellee sought summary judgment as to Counts I (negligence of Opa Locka through Hill) and IV (loss of filial consortium) of the amended complaint. In Count I, appellee alleged that during the course and scope of his employment by the City, Hill breached his duty of care by failing to protect the children at the park and that as a consequence of his actions Antonio Andrews suffered damages.[1] The judgment states that “Carolyn Hill, individually and as next friend of Antonio Andrews, her minor son, is granted a judgment on liability in her favor as a matter of law on Counts I and IV of the Amended Complaint.” The City’s liability is not dependent on any further determination as to Hill’s negligence. Cf. Textron *954 Fin. Corp. v. Alexander, 582 So.2d 178 (Fla. 3d DCA 1991) (where non-final order determined that defendant was vicariously liable for negligence, if any, of other defendant, order does not determine liability); Kiser v. Jones, 488 So.2d 554 (Fla. 3d DCA 1986) (where order determining that defendant was negligent did not determine issue of causation or affirmative defenses the order did not determine liability). Accordingly, the order determines liability in favor of the party seeking affirmative relief. Fla.R.App.R. 9.130(a)(3)(C)(iv).
However, I agree that the interrelated counts, which remain pending in the trial court, render this court without jurisdiction. In City of Miami v. Gates, 393 So.2d 586 (Fla. 3d DCA), review denied, 402 So.2d 608 (Fla.1981), defendant appealed a non-final order granting summary judgment on liability in favor of plaintiffs. This court stated: “[although the order did not dispose of all liability issues in the case, the counts involved are separate and distinct from those which remain pending, so as to permit review at this time under Fla.R.App.P. 9.130(a)(3)(C)(iv).” Gates, 393 So.2d at 587 n. 1 (citation omitted). Accord Medical Equip. Rental Co. v. Tarr, 467 So.2d 459 (Fla. 4th DCA 1985). Here, unlike Gates, the pending counts are not separate and distinct from the counts decided in the order on appeal. See Mendez v. West Flagler Family Ass’n, Inc., 303 So.2d 1 (Fla.1974). For these reasons, the appeal should be dismissed. West Am. Ins. Co. v. Nixon, 489 So.2d 876 (Fla. 4th DCA 1986); but see, Division of Admin., State of Fla. Dept. of Transp. v. Mobile Gas Co., Inc., 427 So.2d 1024 (Fla. 1st DCA), review denied, 437 So.2d 677 (Fla.1983).

. In the summary judgment motion, appellee contended that Hill’s conviction for violation of section 784.05, Florida Statutes (1987), constituted negligence per se, or in the alternative, that Hill was negligent as a matter of law, that the City is vicariously liable for Hill’s negligence and that the City’s affirmative defenses do not preclude summary judgment.