SHARP, Judge.
Williams appeals from an order terminating his parental rights in his three minor children. His major point on appeal is that the trial court erred in failing to require the Department of Health and Rehabilitative Services (HRS) to enter into a performance agreement with him after the children had been found to be dependent, and before it filed for permanent commitment. We have held that HRS need not enter into a performance agreement prior to seeking *1323 a termination of parental rights, pursuant to section 409.168, Florida Statutes (1983), where it appears the child has been abandoned or abused, and returning the child to the custody of its parent is not a feasible alternative. In Re C.B., 453 So.2d 220 (Fla. 5th DCA 1984); Gerry v. Aulls, 457 So.2d 598 (Fla. 5th DCA 1984). We acknowledge a conflict with our sister court on this point. See In Re C.T.G., 460 So.2d 495 (Fla. 1st DCA 1984).
The record in this case supports a finding of abandonment by clear and convincing evidence. Williams left the children with relatives for approximately nine months, without informing them where he could be reached. Further, he made no effort to contact or to support the children during that time. HRS finally located him shortly before the termination proceedings were filed.
The court found at the termination hearing that Williams’ financial and living situation had not improved since he initially abandoned the children, and that, were they placed in his custody, there was a substantial likelihood he would abandon or neglect them in the future. Under these circumstances, entering into a performance agreement would have been a futile gesture, and we do not think it was required.
AFFIRMED.
COBB, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.