482 So.2d 1371 (1986)
Herbert Earl WILLIAMS, Petitioner,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 66871.
Supreme Court of Florida.
February 13, 1986.
David L. Rankin, of Withlacoochee Area Legal Services, Inc., Bushnell, for petitioner.
James A. Sawyer, Jr., Dist. III Legal Counsel, Dept. of Health and Rehabilitative Services, Gainesville, for respondent.
ADKINS, Justice.
We have for review Williams v. State, 464 So.2d 1322 (Fla. 5th DCA 1985), which directly and expressly conflicts with Burk v. Department of Health and Rehabilitative Services, 476 So.2d 1275 (Fla. 1985), and In re C.T.G., 460 So.2d 495 (Fla. 1st DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Fifth District Court of Appeal held that the Department of Health and Rehabilitative Services need not enter into a performance agreement prior to filing for permanent commitment, pursuant to section 409.168, Florida Statutes (1983), where it appears the child has been abandoned or abused. This finding is directly contrary to our recent opinion in Burk in which we held that either a performance agreement or a performance plan is a prerequisite to permanent commitment proceedings despite the fact that the parent had previously abandoned his children. Moreover, the natural mother's waiver of her parental rights does not interfere with the natural *1372 father's right to enter into a performance agreement.
Accordingly, we quash the decision of the district court and remand for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.