SMITH, Judge.
This is an appeal from a final judgment of permanent commitment of an infant who was voluntarily placed in the custody of appellee, The Children’s Home Society, a licensed child-placing agency. We reverse.
The record indicates that prior to formally surrendering the child to the agency, the mother changed her mind about the adoption but failed to take custody of the infant during the ensuing six months.
The issue is whether a performance agreement under section 409.168(3), Florida Statutes (1985), is a prerequisite to permanent commitment proceedings. This case is controlled by Burk v. Department of Health and Rehabilitative Services, 476 So.2d 1275 (Fla.1985) and followed in Williams v. Department of Health and Rehabilitative Services, 482 So.2d 1371 (Fla.1986), holding that a performance agreement or a permanent placement plan is a prerequisite to permanent commitment proceedings when a child has been placed in foster care and despite the fact that the child has been abandoned or abused. It is clear from the record herein that the child was in the custody of a licensed child-placing agency and had been placed in foster care. Cf., In the Interest of D.W.K., 492 So.2d 1360 (Fla. 1st DCA 1986), wherein the court held that a child placed in the custody and care of the maternal grandmother was not in foster care; thus no performance agreement was required.
REVERSED.
SHIVERS and ZEHMER, JJ., concur.