553 So.2d 378 (1989)
In the Interest of D.J., M.J., R.B. and T.S.
No. 89-1520.
District Court of Appeal of Florida, First District.
December 8, 1989.
*379 Kathy Newman Grunewald and Kristine E. Knab, Legal Services of North Florida, Inc., for appellant.
John L. Pearce, Dist. Legal Counsel for the Dept. of Health and Rehabilitative Services, appellee.
ERVIN, Judge.
The mother of four minor children appeals from a final order terminating her parental rights to those children, and argues that the circumstances did not require resort to the extraordinary procedures provided in Section 39.464(2), Florida Statutes (1987), and that the lower court erred in terminating her rights without requiring the Department of Health and Rehabilitative Services (HRS) to participate in a performance agreement or permanent placement plan. We disagree and affirm.
Before the enactment of section 39.464(2), it was well settled that a performance agreement or plan was a prerequisite to permanent commitment proceedings brought under Chapter 39, Florida Statutes (1985). See Burk v. Department of Health & Rehab. Servs., 476 So.2d 1275 (Fla. 1985); In the Interest of H., 494 So.2d 304 (Fla. 1st DCA 1986).
Effective October 1, 1987, however, the legislature enacted section 39.464, which provides in part:
(2) EXTRAORDINARY PROCEDURES. 
(a) Whenever it appears that the manifest best interests of the child demand it, the state may petition for termination of parental rights without offering a performance agreement or permanent placement plan to the parents. A petition for termination of parental rights under this subsection may be filed simultaneously with the petition for dependency under part III of this chapter but shall be filed prior to the dependency adjudicatory hearing in s. 39.408.
(b) The state may petition under this subsection only under the following circumstances:
1. Abandonment of a child by the parent where the identity or whereabouts of the parent are unknown and cannot be ascertained by diligent search ...; or
2. Severe or continuous abuse or neglect of the child or other children by the parent that demonstrates that the parent's conduct threatens the life or wellbeing of the child regardless of the provision of services as evidenced by having had services provided through a previous performance agreement or permanent placement plan.
(Emphasis added.)
In the instant case, the record clearly evidences severe abuse of two of appellant's children  one suffered a fractured skull and subdural hematoma as a result of his head being struck against a door, and the other suffered a subdural hematoma caused by vigorous shaking  which had the effect of threatening the life and wellbeing of each of her children, even though HRS had been assisting appellant and her family for several years. Under the circumstances, we find the statute clearly applicable to the instant case and
AFFIRM.
SHIVERS, C.J., and NIMMONS, J., concur.