660 So.2d 330 (1995)
In the Interest of A.C., a child.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
The NATURAL PARENTS OF A.C., A Child, Appellees.
No. 94-02303.
District Court of Appeal of Florida, Second District.
August 30, 1995.
Wesley Pardue, Tampa, for appellant.
Sandra M. Kellaher, Brandon, for appellees.
*331 THREADGILL, Chief Judge.
The Department of Health and Rehabilitative Services (HRS) appeals an order in which the trial court denied a petition for termination of parental rights based on its belief that section 39.464, Florida Statutes (Supp. 1992), does not permit termination of parental rights of either parent where only one parent commits abuse. We disagree with this interpretation and therefore reverse.
HRS instituted termination proceedings against the parents of A.C. after A.C. was admitted to the pediatric intensive care unit of St. Joseph's Hospital with severe injuries at the age of three and one-half months. Testimony at the adjudicatory hearing revealed that A.C. had suffered the following injuries: a very large depressed skull fracture extending from above his left ear to the middle of the back of his head; a subdural hemorrhage to the brain in the left parietal area where the fracture started; another subdural hemorrhage on the right forehead area; retinal hemorrhages behind both eyes, indicative of a shaking episode; and a burned finger. A.C. had also suffered injuries to three ribs. There was testimony that the rib injuries could have been older fractures in the late phases of healing or could have resulted from some type of crushing just before A.C. was presented for treatment. Two physicians testified that A.C.'s injuries were life-threatening.
Initially, the mother reported that A.C. had fallen from his crib and then had fallen from her arms as she rushed to take him to the hospital. The mother subsequently admitted to a detective that she had shaken A.C. and forcefully placed him into his crib, at which time his head bounced onto the wooden rail. At the adjudicatory hearing, however, the mother recanted her admission to the detective. She again claimed the child had sustained the injuries in falls from the crib and her arms. In its orders of adjudication and disposition, the trial court specifically found that the mother was guilty of severe and continuing abuse or neglect of A.C. and that she had also engaged in egregious abuse of A.C.
The mother testified that A.C.'s father was at work at the time A.C. suffered the skull fracture. A physician who testified at the hearing opined that the right frontal hemorrhage to A.C.'s brain was two to four weeks old at the time A.C. was admitted to the hospital. The physician testified that as a result of this injury, a caretaker would have been alerted by the child's distress. The trial court, however, rejected this testimony and found that there was an absolute dearth of testimony to indicate the father was in a position to be aware of A.C.'s injuries. The mother and father have continued in their relationship since the time of A.C.'s injuries. In its adjudication order, the trial court held: "pursuant to its reading of Florida Statute 39.464, it is not appropriate for this court to terminate parental rights when, as in this case, the severe and continuing abuse or neglect and/or the egregious abuse or neglect is found to have been committed by only one parent."
Section 39.464, Florida Statutes (Supp. 1992), sets forth the grounds for termination of parental rights. Subsections (3) and (4) of that provision permit a petition for termination of parental rights under the following circumstances:
(3) SEVERE OR CONTINUING ABUSE OR NEGLECT. The parent or parents have engaged in conduct towards the child or towards other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life or well being of the child regardless of the provision of services.
....
(4) EGREGIOUS ABUSE. The parent or parents have engaged in egregious conduct that endangers the life, health, or safety of the child or sibling, or the parents have had the opportunity and capability to prevent egregious conduct that threatened the life, health, or safety of the child or sibling and have knowingly failed to do so.
....
For the purposes of this subsection, "egregious abuse" means conduct of the parent or parents that is deplorable, flagrant, or outrageous by a normal standard of conduct. *332 "Egregious abuse" may include an act or omission that occurred only once, but was of such intensity, magnitude, or severity as to endanger the life of the child.
We disagree with the trial court's interpretation of section 39.464. As noted by the First District in In the Interest of S.F., 633 So.2d 120 (Fla. 1st DCA 1994), chapter 39 does not preclude instituting termination proceedings against one parent where the other natural parent would be a satisfactory placement. Sections 39.464(3) and (4) allow a petition for termination where the parent or parents have engaged in severe or continuing abuse or neglect or egregious abuse. By this plain language, the legislature has provided a means for termination of parental rights based upon the conduct of one or both parents. See Lamont v. State, 610 So.2d 435 (Fla. 1992) (where language of statute is clear and unambiguous, language must be given its plain meaning). Thus, the trial court had the authority to grant the petition for termination of parental rights as to the mother if it found the requirements of chapter 39 had been met, even if it denied the petition as to the father.
This court must avoid a construction of the statute that would lead to an absurd or unreasonable result. State v. Webb, 398 So.2d 820 (Fla. 1981). The purpose of chapter 39 is to provide for the care, safety, and protection of children. § 39.001, Fla. Stat. (1991). While it seems absurd to terminate one parent's rights where the parents continue their relationship as a family, it would be more absurd, given the purpose of chapter 39, to restrict the court's ability to terminate a parent's rights if necessary to protect the child from life-threatening injuries. The evidence clearly supports the application of section 39.464 as to the mother in this case. See In the Interest of D.J., 553 So.2d 378 (Fla. 1st DCA 1989). We, therefore, remand for the trial court to reconsider, in light of this opinion, whether the mother's parental rights should have been terminated. The other points raised on appeal are without merit.
Reversed and remanded for further proceedings.
DANAHY and BLUE, JJ., concur.