BLUE, Judge.
The guardian ad litem (GAL) of the children, K.C. and T.C., appeals the summary judgment denying termination of parental rights and the imposition of attorney’s fees assessed pursuant to section 57.105, Florida Statutes (1990). We affirm the granting of the summary judgment but reverse the imposition of attorney’s fees.
At this time, K.C. and T.C. are respectively nine and six years of age. The children were taken into the custody of Department of Health and Rehabilitative Services (HRS) in June, of 1988, based on allegations of physical abuse of K.C. and lack of supervision of T.C. The children had previously been determined to be dependent upon a finding of a significant history of abuse. At the time of trial, the children were in a therapeutic foster home.
On April 19,1991, the trial court denied a petition for termination of parental rights filed by HRS. The court found that HRS had not met its burden of proving by clear and convincing evidence that “the natural mother and natural father failed to substantially comply with the agreement or plan.” The trial court then ordered HRS to establish a performance agreement or permanent placement plan that best served the interest of the children. On June 5, 1991, less than two months later, the GAL filed a petition for termination of parental rights under section 39.464(3), Florida Statutes (1990). A hearing was held on the GAL’s petition on July 10, 1991. At that hearing the trial court entered summary judgment in favor of the parents based upon collateral estoppel and/or res judicata.
The GAL contends that the trial court erred in granting summary judgment based on the 1990 revision of the juvenile code. The GAL urges that section 39.467 Florida Statutes (1990) as revised does not require clear and convincing proof of a lack of substantial compliance with a performance agreement or a permanent placement plan when, as in this case, the petition for termination of parental rights is based upon severe and continuing abuse pursuant to section 39.464(3), Florida Statutes (1990).
We agree that the statutory language is confusing and conflicting, but without a clear expression of legislative intent we cannot hold that the requirement of substantial compliance with a performance agreement or permanent placement plan has been eliminated by the statutory revision. In the present case, HRS did not provide the parents the opportunity to comply with such a plan or agreement. We agree with the trial court that the issues which were the subject of the GAL’s petition to terminate parental rights were previously determined in favor of the parents in the prior hearing. Without any allegations of factual changes occurring after the first hearing, the trial court properly entered summary judgment in this matter.
The trial court, however, did err in assessing attorney’s fees against the GAL. Although our ruling on the summary judgment is adverse to the GAL, we hold the need for interpretation of the revised juvenile code created a justiciable issue which *100 precluded an award of attorney’s fees pursuant to section 57.105, Florida Statutes (1990). The GAL claims immunity from attorney’s fees based upon section 415.508, Florida Statutes (1990). Having already determined that there is a justiciable issue, we decline ruling on the question of immunity in this case.
The decision of the trial court is affirmed in part; reversed in part; and remanded with directions to comply with this decision.
SCHOONOVER, A.C.J., and HALL, J., concur.