ALTENBERND, Judge.
P.G. appeals an order terminating her parental rights to her three older children. She also appeals an order of adoption concerning these children. We affirm the order terminating her parental rights. We reverse the order of adoption and remand for a new adoption proceeding.
P.G. has given birth to five children. The three older children have been the subject of dependency proceedings since 1989. In September 1991, HRS filed a petition to terminate parental rights to these three children, alleging neglect and a failure to substantially comply with many provisions of the performance agreement. The court scheduled a final hearing for March 26, 1992. By March 1992, HRS had apparently filed a petition to terminate parental rights to P.G.’s two younger children.
At the hearing on March 26, 1992, P.G. was represented by a court-appointed attorney. Another attorney, who was representing her in a civil action against HRS, also attended the hearing. At that hearing, P.G.’s court-appointed attorney announced that his client agreed not to contest the petition for termination of rights as to the *274 older children. HRS agreed to abandon the termination proceeding against the younger children, and P.G. agreed to a disposition of dependency as to them. The trial court asked P.G. many questions to assure that she understood the nature and effect of her consent to the termination of her parental rights to the three older children. P.G. gave appropriate answers to these questions. Thereafter, the trial court orally granted the termination and entered a written memorandum in the record describing this ruling. No written final judgment terminating parental rights was entered at that time.
On April 7, 1992, a petition for adoption of the three older children was filed in another division of the circuit court. The petition and affidavits from HRS stated that P.G.’s parental rights had been terminated. A final judgment of adoption was entered on April 27, 1992, even though a written final judgment of termination had yet to be entered.
In late May and early June, P.G. sent letters to the juvenile division indicating that she wanted to withdraw the consent she had given at the March hearing. The letters are not detailed, but suggest that P.G. believed it was improper for HRS to offer an arrangement through which her rights to the older children would be terminated while she retained the ability to regain her younger children. The trial court held a hearing on these letters on June 5, declined to take additional evidence, and refused to allow P.G. to withdraw her consent. A final judgment terminating parental rights was signed on June 6 and filed on June 8. The court appointed an appellate attorney to represent P.G., who appealed that judgment in early July.
On July 1, 1992, P.G.’s court-appointed appellate attorney filed an appearance in the adoption proceeding and moved to vacate the order of adoption. The motion accurately observed that the circuit court had allowed an adoption of children without the consent of the mother and before the filing of a written order terminating her parental rights. In addition, this motion requested a stay pending the appeal in the termination proceeding. The trial court denied this motion, and P.G. appealed.
We affirm the order terminating parental rights. At the hearing in March, the trial court carefully fulfilled its obligation to determine that the consent was voluntary and made with a full understanding of the nature of the allegations and the possible consequences of the consent. See Fla.R.Juv.P. 8.520(c). The trial court did not abuse its discretion by refusing to allow P.G. to withdraw her consent under these circumstances. Cf. Lopez v. State, 536 So.2d 226 (Fla.1988) (trial court has discretion to permit criminal defendant to withdraw plea). Her letters were not sufficient to raise an issue of fraud or duress, which might justify an additional evidentiary hearing. See § 39.-464(1), Fla.Stat. (1991) (consent for voluntary relinquishment can be withdrawn only if obtained by fraud or duress). Cf. § 63.082(5), Fla.Stat. (1991); In re Adoption of Doe, 543 So.2d 741 (Fla.1989) (consent to adoption is valid and irrevocable absent fraud, duress, or undue influence), cert. denied, 493 U.S. 964, 110 S.Ct. 405, 107 L.Ed.2d 371 (1989). The trial court could properly conclude that an offer by HRS to continue the younger children in a dependency proceeding, if P.G. consented to these terminations, did not create an issue of fraud or duress in this case.
Although there is precedent under an earlier version of chapter 39 indicating that a mother had the “unfettered” right to withdraw an out-of-court consent to a dependency proceeding prior to an adjudication, In re I.B.J., 497 So.2d 1265 (Fla. 5th DCA 1986), review denied, 504 So.2d 766 (Fla.1987), that standard does not apply to a consent accepted by the court pursuant to Florida Rule of Juvenile Procedure 8.520(c) at a termination hearing. Once the juvenile court accepted the consent and announced its ruling in open court, the proceeding became a voluntary relinquishment in which the consent could be withdrawn only if it was obtained by fraud or duress. § 39.464(1), Fla.Stat. (1991). Although the final order was not signed before P.G. attempted to withdraw her consent, the judgment had been “announced” long before that time and was only subject to reconsideration by a motion for rehearing. Fla.R.Juv.P. 8.265(b). By then, P.G. no longer had an unfettered right to withdraw her consent.
*275 Because we are affirming the order terminating parental rights, it is arguable that we could also affirm the adoption order on the theory that the serious procedural errors in that ease have been rendered harmless. We are concerned, however, that an order of adoption entered prior to an order terminating parental rights could create confusion in the future.
Moreover, we are very disturbed by the failure of the trial court to obey section 39.-473(3), Florida Statutes (1991). That statute specifies that an appeal of an order terminating parental rights suspends any provision in the order placing the child with HRS for adoption. This court is required to expedite appeals concerning orders terminating parental rights, in part, to authorize adoptions as soon as possible. § 39.473(1), Fla.Stat. (1991).
When an adoption follows a termination proceeding, an order of adoption should not be entered until a written order terminating parental rights has been filed and until it is clear that such order will not be affected by rehearing or appeal. In this case, the petition for adoption has never given the circuit court a legal basis to grant an adoption. That court will not have authority to permit an adoption until this court issues its mandate in the appeal of the order terminating parental rights.
In this case, we hope that the circuit court’s serious procedural error will have no great impact upon the children and the several affected adults. If we had been required to reverse the order terminating parental rights, however, the error could have caused serious consequences for these people. We urge all parties involved in adoption proceedings to comply carefully with these important timing requirements.
Order of termination affirmed, order of adoption reversed and remanded for further proceedings.
PARKER, A.C.J., and BLUE, J., concur.