PER CURIAM.
The father of two minor children appeals from a final order terminating his parental rights. On appeal, he argues that the trial court erred in terminating his rights without first requiring the Department of Health and Rehabilitative Services (HRS) to offer a performance agreement or permanent placement plan. We disagree and affirm.
After the most recent adjudication of dependency,[1] HRS sought to terminate the father’s parental rights for his alleged “severe or continuing abuse or neglect” and his “egregious abuse.”[2] At the adjudicatory hearing, the father’s attorney sought judgment on the pleadings and a directed verdict, arguing that the applicable statutes would not permit termination of parental rights without the existence of a performance agreement or permanent placement plan, neither of which had been offered to the father. The motions were denied, and the father’s rights were terminated on the grounds alleged in the HRS petition.
The grounds for terminating parental rights set forth in section 39.464, Florida Statutes (Supp.1990), include the following:
(3) SEVERE OR CONTINUING ABUSE OR NEGLECT. — The parent or parents have engaged in conduct towards the child or towards other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life or well-being of the child regardless of the provision of services. Provision of services is evidenced by having had services provided through a previous performance agreement, permanent placement plan, or offer of services in the nature of a case plan from a child welfare agency. A current performance agreement or permanent placement plan need not be offered to the parent or parents, and the petition may be filed at any time before a performance agreement or permanent placement plan has been accepted by the court.
(4) EGREGIOUS ABUSE. — The parent or parents have engaged in egregious conduct that endangers the life, health, or safety of the child or sibling, or the parents have had the opportunity and capability to prevent egregious conduct *590 that threatened the life, health, or safety of the child or sibling and have knowingly failed to do so. A performance agreement or permanent placement plan need not be offered to the parent or parents, and the petition may be filed at any time before a permanent placement plan has been accepted by the court.
(Emphasis added.)
The emphasized language clearly refutes the father’s argument that a performance agreement or permanent placement plan is a prerequisite to termination. Cf. In the Interest of D.J., 553 So.2d 378 (Fla. 1st DCA 1989) (under the 1987 version of the statute, termination based upon “severe or continuous abuse or neglect” is subject to extraordinary procedures, and an agreement or plan is not a prerequisite).
Nor does the mention of an agreement or plan in section 39.467(3)(d), Florida Statutes (Supp.1990), support the father’s position. That statute provides that termination must be based upon a finding that the following is proven by clear and convincing evidence:
(d)l. A performance agreement or permanent placement plan as defined in s. 39.01 has been offered to a parent; or
2. Any of the elements of s. 39.464 is met;
(Emphasis added.) Where termination is based upon § 39.464(3) or (4), as in the instant case, the “elements” of § 39.464 have been “met” without the necessity of offering an agreement or plan.
In our view, the statutes are clear in permitting the termination of parental rights under the grounds stated in § 39.-464(3) or (4) without the requirement of a performance agreement or permanent placement plan. We are aware that the Second District found the statutory language “confusing and conflicting” in In the Interest of K. C., 603 So.2d 98 (Fla. 2d DCA 1992), but we are convinced that such finding was dicta. In K.C., the trial court denied a petition for termination where it was not proven that the parents failed to substantially comply with an agreement or plan. Although HRS was then ordered to establish an agreement or plan, a new petition for termination was filed, again, apparently, without an agreement or plan. The trial court granted summary judgment for the parents based upon collateral estoppel and res judicata. On appeal, the petitioning guardian ad litem appears to have argued that no agreement or plan was necessary because the basis for termination was to be “severe or continuing abuse” under § 39.464(3). The Second District affirmed the trial court’s summary judgment on the basis of res judicata, though, in dicta, the court noted that the “confusing and conflicting” statutory language precluded it from holding that the requirement of an agreement or plan had been negated. However, there was no need for such a holding under the peculiar facts involved in K.C., and, for the reasons set forth above, we decline to follow the dicta in K.C.
Accordingly, the trial court’s order terminating the father’s parental rights is AFFIRMED.
ERVIN and MINER, JJ., and WENTWORTH, Senior Judge, concur.

. The children had previously been adjudicated dependent, but had been returned to the parents following successful completion of protective supervision.

. The mother surrendered her parental rights in March 1992, and is not a party to the instant proceedings.