623 So.2d 851 (1993)
In the Interest of T.D., a child.
No. 93-1926.
District Court of Appeal of Florida, First District.
September 10, 1993.
*852 Christopher L. Craun, Lake City, for appellant.
No brief filed, for appellee.
PER CURIAM.
The appellant has sought review of a final order rendered May 13, 1993, which terminated her parental rights. The notice of appeal was filed on June 17, 1993. As it appeared the notice was untimely, appellant was ordered to show cause why the appeal should not be dismissed. Finding no good cause, we dismiss the appeal for lack of jurisdiction.
In response to the show cause order, counsel for appellant states that he filed with the trial court a motion for extension of time to file the appeal. This motion represented that counsel was appointed for appellate purposes on June 4, 1993, but that counsel was in receipt of neither discovery, transcripts nor a copy of the order entered by the court, and therefore could not adequately prepare an appeal. The trial court entered an order on June 16, 1993, which purported to extend the time for filing the notice of appeal to June 24, 1993. Counsel seeks to rely on this order to avoid dismissal.
The time for taking an appeal is a jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b), which provides that to invoke the appellate court's jurisdiction, a notice of appeal must be filed with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed. A trial court has no authority to extend the time for taking an appeal. Ramagli Realty Co. v. Craver, 121 So.2d 648 (Fla. 1960); Gordon v. Green, 382 So.2d 1344 (Fla. 5th DCA 1980). Florida Rule of Civil Procedure 1.090(b) provides for the enlargement of time to perform acts under the rules, but specifically states that a trial court "may not extend the time for ... taking an appeal... ." The trial court was without authority to attempt to extend the jurisdiction of this court.
As for the grounds counsel cited in his request for extension, the preparation and filing of a simple notice of appeal does not require a review of discovery material nor the transcripts, which are not normally immediately available in any circumstance. In the time it took counsel to file his unauthorized motion for extension, he could have prepared and filed the notice of appeal, thereby preserving the mother's right to appeal.
We are frankly surprised by the need to restate this basic rule of the law. Until recently, the late filing of a notice of appeal in a civil proceeding was an insurmountable jurisdictional defect which no one could correct, not even the court. Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982). The supreme court has recently created a narrow exception to this rule when a parent seeks an untimely appeal of an order which terminates parental rights. In the Interest of E.H., 609 So.2d 1289 (Fla. 1992). The court provided a collateral remedy by petition for writ of habeas corpus in the trial court which would permit a resolution of any factual issues as well as any defenses. The court did not grant the relief based on precedent, but on the significant policy interest in ensuring that a parent and child are not separated without a thorough review of the merits of the case. Id. at 1291.
This appeal is hereby dismissed for lack of jurisdiction without prejudice to appellant's *853 right to file a petition for writ of habeas corpus in the trial court pursuant to E.H.
APPEAL DISMISSED.
ZEHMER, C.J., and JOANOS and BARFIELD, JJ., concur.