PER CURIAM.
This is the second time that this dissolution of marriage action has been before us. On the first occasion, we reversed the trial court’s determination that appellant was not the father of a child born to appellee during the parties’ marriage, and remanded for further proceedings on the issue of paternity. Middleton v. Middleton, 603 So.2d 618 (Fla. 1st DCA1992). On remand, the trial court postponed determination of the paternity issue until appellant’s release from incarceration. (Appellant has a 20-year state sentence and a 15-year federal sentence to serve.) We again reverse. On remand, the trial court is directed to grant what it has previously treated as a motion by appellant requesting Human Leukocyte Antigen (HLA) testing. See § 742.12, Fla.Stat. (1989). The trial court shall then conduct such further proceedings as may be necessary to determine whether appellant is the father of the child in question.
REVERSED and REMANDED, with directions.
MINER, ALLEN and WEBSTER, JJ., concur.