639 So.2d 704 (1994)
T.D., Mother of T.D., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 93-4228.
District Court of Appeal of Florida, First District.
July 25, 1994.
Christopher L. Craun, Lake City, for appellant.
Douglas M. Miller, and Janice F. Bessinger, Sr. Attys., Child Welfare Legal Services, Lake City, for appellee.
*705 JOANOS, Judge.
This is appellant's second appearance before this court. The prior appeal was dismissed for lack of jurisdiction, because the notice of appeal was not filed within thirty days of the rendition of the order to be reviewed. See In the Interest of T.D., 623 So.2d 851 (Fla. 1st DCA 1993). Our dismissal was without prejudice to appellant's right to file a petition for habeas corpus in accordance with the procedure outlined in In the Interest of E.H., 609 So.2d 1289 (Fla. 1992).
In E.H., the supreme court authorized a narrow exception to the jurisdictional requirement established by Florida Rule of Appellate Procedure 9.110(b). The exception was designed to address only those situations in which the attorney representing a parent in a proceeding to terminate parental rights failed to file a timely notice of appeal from a final order permanently severing the parent's right to custody of his or her child. In a situation of this nature, the failure to meet the jurisdictional requirements of the appellate rule abrogates a parent's right to appellate review of the propriety of the trial court's ruling. The supreme court explained that the attorney's error ought not be imputed to the parent, when the consequence of the attorney's mistake is the parent's permanent loss of custody of his or her children. As a remedy, the court designated the petition for writ of habeas corpus as the proper procedural vehicle or device which a parent may use to seek a belated appeal.[1] The court then directed that such petition should be filed with the trial court, as the appropriate forum for resolution of the factual circumstances surrounding an attorney's failure to invoke the jurisdiction of the appellate court in accordance with the appellate rules.
The record and the briefs filed in this cause indicate that the trial court and respective counsel misconstrued the remedy authorized by the supreme court in E.H. The petition for writ of habeas corpus filed by appellant's counsel contains a brief explanation of the circumstances which occasioned the late filing of the notice of appeal, and then addresses the merits of the termination order. The order denying the petition sets forth no findings with respect to the entitlement of appellant/petitioner to a belated appeal predicated on the conduct of her attorney. Rather, the order denying the petition was stated as a reaffirmation of the merits of the trial court's order terminating parental rights.[2]
Accordingly, we reverse and remand this cause with directions to appellant to file a petition for habeas corpus relief with the trial court, setting forth the grounds which entitle appellant to a belated appeal. In ruling on the petition, the trial court's order should set forth such findings of fact as are necessary to support the grant or denial of a belated appeal. Adherence to this procedure should afford appellant an opportunity to obtain a thorough review of the merits of her case, in the manner contemplated by the supreme court in E.H.
REVERSED AND REMANDED WITH DIRECTIONS.
SMITH and DAVIS, JJ., concur.
NOTES
[1] The procedure authorized by the court in E.H. is analogous to that available to a defendant in a criminal proceeding to seek a belated appeal predicated on ineffective assistance of counsel. See Fla.R.Crim.P. 3.850(h); Navarre v. State, 556 So.2d 1192 (Fla. 1st DCA 1990).
[2] We recognize that the order was designed to be responsive to the allegations of the petition.