664 So.2d 1137 (1995)
Roy MOORE, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 95-845.
District Court of Appeal of Florida, Fifth District.
December 15, 1995.
Preston J. Fields, Palatka, for Appellant.
Frances S. Childers, Child Welfare, Legal Services, Department of Health and Rehabilitative Services, Gainesville, for Appellee.
COBB, Judge.
This case presents an issue concerning entry of multiple orders which purport to terminate Roy Moore's parental rights. The first order, entered by Judge Mathis on March 2, 1995, following an adjudicatory hearing, adjudicates that Moore's parental rights are terminated because HRS
has proved by clear and convincing evidence that ROY KENNETH MOORE has *1138 sexually abused the children; that he has sexually abused HEIDI DOLLOPH; that he has neglected and abandoned the children; that he has failed to comply substantially with the performance agreement and that the welfare of the children requires that his parental rights be terminated.
No additional findings of fact are contained in the order. Moore filed a timely notice of appeal on March 30, 1995, directed to this order.
Thereafter, on April 20, 1995, Judge Weinberg, who apparently was assigned by rotation to the juvenile division in Putnam County, held a dispositional hearing in the cause pursuant to section 39.469, Florida Statutes. Judge Weinberg entered what is labeled an order of disposition on termination of parental rights of the father, reiterating that Moore's parental rights are terminated. This order adopts and reaffirms Judge Mathis' March 2, 1995 order and recites facts which would support termination of parental rights.
An initial question concerns what statutory framework applies to this case. The petition for termination of parental rights was filed on March 8, 1994, but the adjudicatory hearing was not commenced until November, 1994. On October 1, 1994, amendments to Chapter 39 became effective and provide in relevant part:
39.467. Adjudicatory hearing
(1) In a hearing on a petition for termination of parental rights, the court shall consider the elements required for termination as set forth in s. 39.4611. Each of these elements must be established by clear and convincing evidence before the petition is granted.
(2) The adjudicatory hearing must be held within 45 days after the advisory hearing, but reasonable continuances for the purpose of investigation, discovery, or procuring counsel or witnesses may, when necessary, be granted.
(3) The adjudicatory hearing must be conducted by the judge without a jury, applying the rules of evidence in use in civil cases and adjourning the case from time to time as necessary. For purposes of the adjudicatory hearing, to avoid unnecessary duplication of expense, the judge may consider in-court testimony previously given at any properly notice hearing, without regard to the availability of unavailability of the witness at the time of the actual adjudicatory hearing, if the recorded testimony itself is made available to the judge. Considerations of such testimony does not preclude the witness being subpoenaed to answer supplemental questions.
(4) All hearings involving termination of parental rights are confidential and closed to the public. Hearings involving more than one child may be held simultaneously when the children involved are related to each other or were involved in the same case. The child and the parents or legal custodians may be examined separately and apart from each other.
(5) The judge shall enter a written order with the findings of fact and conclusions of law.
39.469. Powers of disposition; order of disposition
(1) If the court finds that the grounds for termination of parental rights have not been established by clear and convincing evidence, the court shall:
(a) If grounds for dependency have been established, adjudicate or readjudicate the child dependent and:
1. Enter an order placing or continuing the child in foster care under a case plan; or
2. Enter an order returning the child to the parent or parents. The court shall retain jurisdiction over a child returned to the parents or legal guardians for a period of 6 months, but, at that time, based on a report of the social service agency and any other relevant factors, the court shall make a determination as to whether its jurisdiction shall continue or be terminated.
(b) If grounds for dependency have not been established, dismiss the petition.
(2) If the court finds that the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall, by order, place the child in the custody of the department *1139 for the purpose of adoption or place the child in the custody of a licensed child-placing agency for the purpose of adoption.
(3) If the court terminates parental rights, the court shall enter a written order of disposition briefly stating the facts upon which its decision to terminate the parental rights is made. An order of termination of parental rights, whether based on parental consent or after notice served as prescribed in this part, permanently deprives the parents of legal guardian of any right to the child.
* * *
(5) If the court terminates parental rights, it may order that the parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child pending adoption if the best interests of the child support this continued contact. If the court orders such continued contact, the nature and frequency of the contact must be set forth in written order and may be reviewed upon motion of any party, including a prospective adoptive parent if a child has been placed for adoption. If a child is placed for adoption, the nature and frequency of the contact must be reviewed by the court at the time the child is adopted.
(6) If the court terminates parental rights, it shall, in its order of disposition, provide for a hearing, to be scheduled no later than 30 days after the date of disposition, in which the department or the licensed child-placing agency shall provide to the court a plan for permanency for the child.
The changes are essentially procedural in nature and thus the amended statutory scheme must be applied here.
The statutory scheme contemplates entry of two written orders relative to a termination of parental rights, the first after the adjudicatory hearing and the second, a dispositional order wherein the "court shall enter a written order of disposition briefly stating the facts upon which its decision to terminate parental rights is made." Moore filed his notice of appeal directed to the adjudicatory order entered by Judge Mathis.
In In the Interest of T.M. and F.M., 614 So.2d 561 (Fla. 1st DCA 1993) (motion to dismiss denied), 622 So.2d 589 (Fla. 1st DCA 1993), approved, 641 So.2d 410 (Fla. 1994)), a similar situation arose and the question of the appealability of an adjudicatory order terminating parental rights was addressed. The First District, in denying a motion to dismiss the appeal as coming from a nonappealable order, stated:
As discussed by this court in the context of delinquency proceedings, the orders authorized by chapter 39 of the Florida Statutes do not always fit neatly into the traditional categories of final and non-final orders. See C.L.S. v. State, 586 So.2d 1173 (Fla. 1st DCA 1991). We nevertheless regard the September 21 [adjudicatory] order as sufficiently final on the question of the father's parental rights to be appealable. Even if it were not and only the November 9 [dispositional] order is appealable, we would treat the October 16 notice of appeal as prematurely filed and accept jurisdiction.
614 So.2d at 562.
Since the statutory scheme contemplates entry of two orders on the issue of termination of parental rights, we hold that it is the second or dispositional order which is the final order for purposes of appeal. Thus, as referenced in T.M., a notice of appeal directed to an adjudicatory order should simply be treated as a premature notice which is held in abeyance until entry of the dispositional order. Since the notice of appeal is premature, it would not act to divest the trial court of jurisdiction and the court could proceed to enter the dispositional order.
The adjudicatory order entered by Judge Mathis on March 2, 1995, does not comply with section 39.467(5) which provides:
The judge shall enter a written order with the findings of fact and conclusions of law.
This requirement appears designed to permit the parent to prepare for the aspect of the dispositional hearing that requires review of the proof of the grounds for termination. The failure to comply with section 39.467(5) requires reversal of the adjudicatory order. We additionally note in this context that the dispositional order contains findings of fact *1140 based upon what transpired at the adjudicatory hearing despite the fact that the presiding judge, Judge Weinberg, was not present at the adjudicatory hearing. This is improper. See Alvord v. Alvord, 572 So.2d 925 (Fla. 3d DCA 1990).
The adjudicatory and dispositional orders are reversed since the first does not contain the requisite findings of fact and the second contains findings of fact which the court was not qualified in the first instance to make. The cause is remanded to the trial court for Judge Mathis to adjudicate findings of fact on the issue of termination of Moore's parental rights upon which a proper dispositional order may be entered. If Judge Mathis is unable to enter such an order, a new adjudicatory hearing shall be conducted and appropriate findings of fact made, followed by a new dispositional hearing and order.
REVERSED AND REMANDED.
GRIFFIN and THOMPSON, JJ., concur.