700 So.2d 96 (1997)
G.L.S., natural father of B.S. and C.S., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 97-1493.
District Court of Appeal of Florida, First District.
October 7, 1997.
*97 Sharon L. Ray, Marianna, for appellant.
Larry D. Harris, Marianna, for appellee.

ORDER ON JURISDICTION
PER CURIAM.
G.L.S., the natural father of B.S. and C.S., appeals two orders of the trial court in a child dependency case: an order terminating appellant's parental rights (the Termination Order) and a disposition order (the Disposition Order) permanently committing the minor children, B.S. and C.S., to the legal care, custody and control of the Department of Health and Rehabilitative Services (the Department). Because the notice of appeal was not timely filed from the Termination Order, we dismiss the appeal as to that order. In so doing, we certify a conflict with opinions of the Fifth District Court of Appeal.

Proceedings Below
On February 13, 1997, at the conclusion of an adjudicatory hearing on the Department's petition for termination of parental rights, the trial court entered the Termination Order. In the Termination Order, the trial court terminated the parental rights of both the mother and the father, setting forth, in its "findings of fact and conclusions of law by clear and convincing evidence," the legal and factual bases for its determination. In the decretal portion of the Termination Order, the trial court orders "[t]hat the parental rights of [R.P.S.]and [G.S.] as to [B.S.] and [C.S.] are hereby terminated. (Boldface in original)." (emphasis supplied). In the Termination Order, the children were committed to the legal care, custody and control of the Department, "to remain in foster care placement pending their adoption."
Subsequently, on March 3, 1997, the trial court entered the "Disposition Order." In this order, the court first set forth its "findings of fact and conclusions of law by clear and convincing evidence." Among these were the following two paragraphs:
27. As found in this Court's order of February 13, 1997, nunc pro tunc to November 19, 1996, it is in the children's manifest best interest that an Order of Termination of Parental Rights regarding the parents of these children be entered and the children permanently committed to the Department of Health and Rehabilitative Services for adoptive placement.
28. Also as found in this Court's order of February 13, 1997, nunc pro tunc to November 19, 1996, the elements of section 39.4611, Florida Statutes, have been met in that a petition for termination of parental rights has been filed supporting at least *98 one of the grounds listed in section 39.464, Florida Statutes, that the parents were informed of their right to counsel, that a disposition order adjudicating the children dependent was entered in a prior dependency hearing, and that the manifest best interest of the children would be served by the granting of this petition.
The substance of these findings had also been included in the Termination Order. In addition, in the decretal part of the Disposition Order, the trial court considered the parental rights to have been terminated in the Termination Order. There, the trial court ordered "[a]s the parent's rights have been terminated, there shall be no further contact of any type between the parents and the children." (emphasis added).
In the Disposition Order, the trial court permanently committed the children to the legal care, custody and control of the Department and ordered that they remain in their current foster care placements pending their subsequent adoption.
On March 27, 1997, appellant filed his notice of appeal from both orders. Under rule 9.110(b), Florida Rules of Appellate Procedure, if the Termination Order is a final, appealable order, then the notice of appeal is not timely as to it.

Jurisdictional Issue
Sua sponte this court issued an order directing the appellant to show cause why the appeal should not be dismissed as to the Termination Order, because, as to it, the notice of appeal was not timely filed. In response, appellant contends that only the Disposition Order is a final order and that the notice of appeal was timely filed within 30 days of that order, citing Moore v. Department of Health and Rehabilitative Services, 664 So.2d 1137 (Fla. 5th DCA 1995) and Lewis v. Department of Health and Rehabilitative Services, 670 So.2d 1191, 1192 n. 1 (Fla. 5th DCA 1996). Appellant argues that a notice of appeal directed to an adjudicatory order such as the Termination Order should be treated as a premature notice which is held in abeyance until entry of a final disposition order. Thus, appellant submits that, had he initially filed his notice of appeal from the adjudication order, it would have been premature.
The issue presented here is whether, in a child dependency case, an adjudication order which terminates parental rights is immediately appealable as a final order, or reviewable only upon appeal from the disposition order? Consistent with our opinion in In Interest of T.M., 614 So.2d 561 (Fla. 1st DCA 1993), we hold that an adjudication order in which parental rights are actually terminated is a final, appealable order, subject to immediate review.

Finality of Termination Order
In T.M., this Court addressed the issue of whether an order adjudicating termination of parental rights is a final, appealable order. In that case, the trial court, pursuant to section 39.467(7), Florida Statutes (Supp. 1992), entered an order which terminated the father's parental rights. The father filed a timely notice of appeal from this order. Subsequently, the trial court, pursuant to section 39.469, Florida Statutes (1991), entered a disposition order reaffirming the termination of parental rights and permanently committing the children to the Department for adoption. The father did not file an additional notice of appeal from this second order. T.M., 614 So.2d at 562.
The Department moved to dismiss the appeal for lack of jurisdiction, on the ground that the order appealed was a non-final, nonappealable order, and that the father had filed no notice of appeal as to the final termination order. This Court, in denying the motion to dismiss, explained:
As discussed by this court in the context of delinquency proceedings, the orders authorized by chapter 39 of the Florida Statutes do not always fit neatly into the traditional categories of final and non-final orders. See C.L.S. v. State, 586 20.2d 1173 (Fla. 1st DCA 1991). We nevertheless regard the September 21 order as sufficiently final on the question of the father's parental rights to be appealable. Even if it were not and only the November 9 order is appealable, we would treat the October 16 notice of appeal as prematurely filed and accept jurisdiction. *99 Lauda v. H.F. Mason Equipment Corp., 407 So.2d 392 (Fla. 3d DCA 1981); Fla. R.App. P. 9.110(m).
614 So.2d at 562.
The holding in T.M. is consistent with the legislative intent of the statutes governing termination of parental rights, sections 39.459-39.474, Florida Statutes (1995). At the adjudicatory stage the evidentiary hearing pursuant to section 39.467 is held to determine, as a matter of fact and law, whether one or more grounds for termination exist, and whether termination is in the manifest best interest of the child. If the trial court then makes definitive findings of fact and law as to termination, the issue of termination is determined. In such event, at that time only the child's permanent placement remains to be determined. § 39.469(6), Fla. Stat. (1995). Further, if parental rights are terminated following the adjudicatory hearing by an order containing the required findings and conclusions, expedited appellate review of the termination decision can occur at this juncture consistent with the legislative intent of section 39.473(1).
In Moore, a similar question arose concerning the appealability of the adjudicatory order terminating parental rights. Moore, 664 So.2d at 1139. The Fifth District held that "it is the second order or dispositional order which is the final order for purposes of appeal." Id.[1] In Moore, however, the trial court's adjudicatory order did not contain the detailed findings of fact required by section 39.467(5). Id. There, the latter dispositional order contained findings of fact. Thus, unlike T.M. and the instant case, in Moore the adjudicatory order was not "sufficiently final on the question of the [termination of] ... parental rights to be appealable." T.M., 614 So.2d at 561.
Here, the trial court held an adjudicatory hearing on the petition for termination of parental rights under section 39.467, followed by a disposition hearing. As in T.M., in this first order, the trial judge clearly terminated the parental rights in its first order, including therein the required findings of fact and conclusions of law supporting its decision. In its second order of disposition, it mandated that the parents should have no further contact with the child, based upon the fact that their parental rights had already been terminated.
We conclude that the adjudicatory order terminating parental rights in this case is "sufficiently final on the question of the father's parental rights to be appealable." T.M., 614 So.2d at 561. Because the appellant did not timely file a notice of appeal from that order, this Court is without jurisdiction to review it at this juncture. See Williams v. State, 324 So.2d 74 (Fla.1975)(timely filing of notice of appeal is jurisdictional); Jordan v. State, 549 So.2d 805 (Fla. 1st DCA 1989).
Accordingly, the appeal from the Termination Order is dismissed. Such dismissal is without prejudice to appellant's right to apply to the trial court for a belated appeal pursuant to a petition for writ of habeas corpus. See In the Interest of: E.H., 609 So.2d 1289 (Fla.1992); In the Interest of. T.D., 623 So.2d 851 (Fla. 1st DCA 1993)(dismissing untimely appeal from final order terminating parental rights "without prejudice to appellant's right to file a petition for writ of habeas corpus in the trial court"), after remand, T.D. v. Department of Health and Rehabilitative Services, 639 So.2d 704 (Fla. 1st DCA 1994) (reversing and remanding for trial court order setting forth "such findings of fact as are necessary to support the grant or denial of a belated appeal" of an order terminating parental rights). We also certify conflict with Moore and Lewis.
BOOTH and WOLF, JJ., concur.
VAN NORTWICK, J., concurs with written opinion.
*100 VAN NORTWICK, Judge, specially concurring.
I agree with the majority that In Interest of T.M., 614 So.2d 561 (Fla. 1st DCA 1993), compels that we dismiss the instant appeal. I write separately only to point out an alternative approach for considering these jurisdictional issues which differs from the analysis in both T.M. and Moore v. Department of Health and Rehabilitative Services, 664 So.2d 1137, 1139 (Fla. 5th DCA 1995).
Given the frequent two-step nature of proceedings seeking to terminate parental rights, see sections 39.459-39.474, Florida Statutes (1995); T.M., 614 So.2d at 561; Moore, 664 So.2d at 1139-40, I would treat the initial adjudication order as a partial final judgment under rule 9.110(k), Florida Rules of Appellate Procedure. Rule 9.110(k) provides in part that "[p]artial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case." I recognize that the issues of termination of parental rights and disposition of the custody of the child or children are related. Obviously, the entry of a termination ruling is a condition precedent to a disposition order. § 39.469, Fla. Stat. (1995). Further, by the nature of a termination proceeding, the adjudication order would not "totally dispose of an entire case as to any party," id., and, thus, rule 9.110 would not mandate an appeal of the adjudication order. Nevertheless, the issues of termination and disposition would seem to be separate and distinct and not interdependent. Compare El Segundo Original Rey de la Pizza Cubana, Inc. v. Rey Pizza Corp., 676 So.2d 1031, 1032 (Fla. 3d DCA 1996). Under the statutory scheme, the issue of termination may be determined as a separate, independent matter following the adjudicatory hearing. See §§ 39.467 and 39.469, Fla. Stat. (1995). In such event, as to the parties, the issues of termination and disposition are similar to two separate and distinct causes of action in a single proceeding. See Mendez v. West Flagler Family Assoc., Inc., 303 So.2d 1, 5 (1974). Thus, if, as in the instant case, the adjudication order is sufficiently final as to termination of parental rights to dispose of that separate, independent issue, under rule 9.110(k) a party would be able either to appeal the termination order or, as here, to wait until the entry of the second (dispositional) order and appeal both the termination and dispositional orders. See Gordon v. Omni Equities, Inc., 605 So.2d 538 (Fla. 1st DCA 1992); Redd v. Talley, 584 So.2d 616, 617-618 (Fla. 1st DCA 1991).
NOTES
[1] In Lewis, the Fifth District consolidated the parent's appeals of the final judgment terminating her parental rights and the order of disposition, explaining:

We have consolidated the mother's two appeals. Recently, we held that the dispositional order is the final order for purposes of appeal. Moore v. Department of Health and Rehabilitative Services, 664 So.2d 1137 (Fla. 5th DCA 1995). A notice of appeal directed to an adjudicatory order is treated as a premature notice which is held in abeyance until entry of the dispositional order. Id.
Lewis, 670 So.2d at 1192, n. 1.