724 So.2d 1181 (1998)
G.L.S., natural father of B.S. and C.S., Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Respondent.
No. 91,771.
Supreme Court of Florida.
December 24, 1998.
*1182 Sharon L. Ray, Marianna, for Petitioner.
Charles A. Finkel, District Legal Counsel, Department of Children and Families, Tallahassee, for Respondent.
ANSTEAD, Justice.
We have for review G.L.S. v. Department of Children & Families, 700 So.2d 96 (Fla. 1st DCA 1997), based on certified conflict with the decisions of the Fifth District in Moore v. Department of Health & Rehabilitative Services, 664 So.2d 1137 (Fla. 5th DCA 1995), and Lewis v. Department of Health & Rehabilitative Services, 670 So.2d 1191 (Fla. 5th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We hold that the First District erred in holding that an adjudication order which initially terminates parental rights in a child dependency case may not be challenged upon appeal from a subsequent disposition order.
Petitioner G.L.S.'s parental rights were terminated by court order on February 13, 1997, following an adjudicatory hearing on the petition of respondent Department of Children and Families (Department). G.L.S., 700 So.2d at 97. Thereafter, a disposition order was entered on March 3, 1997, permanently committing the children to the custody of the Department and ordering that there be no further contact between the parents and children. Id. at 97-98. In the disposition order, the court reaffirmed the termination of parental rights. Id. at 98.
G.L.S. filed a notice of appeal on March 27, 1997, contesting both the termination order and the disposition order. Id. The First District dismissed the appeal as to the termination of parental rights because the appeal was not filed within thirty days of the first order of February 13. Id. at 99. The court held that an order in which parental rights are terminated constitutes a final, appealable order, which must be reviewed immediately. Id. at 98. Judge Van Nortwick concurred in a separate opinion which suggested that parents should be able to appeal from either the initial termination order or the adjudicatory order.
In Moore, the Fifth District held that dispositional orders are final judgments in termination proceedings for purposes of appeal of the provisions of both a termination order and a disposition order. 664 So.2d at 1139. The court reasoned that the statutory scheme expressly contemplated the entry of two orders in a termination case, the last of which, the disposition order, should be deemed the final order. Id.

STATUTORY SCHEME
The statutory framework governing this child dependency case requires that the court first hold an advisory hearing on the petition to terminate parental rights. § 39.466, Fla. Stat. (1995). Thereafter, at an adjudicatory hearing, the court "determine[s] whether or not the facts support the allegations stated in the petition" for terminating parental rights. § 39.01(4), Fla. Stat. (1995). The circuit judge must "enter a written order with the findings of fact and conclusions of law." § 39.467(5), Fla. Stat. (1995). Further, however, the statutes mandate that once the court finds that sufficient evidence supports termination, it should enter still another order terminating parental rights and ordering custody to an appropriate party. § 39.469. In the "final" disposition order prescribed by section 39.469(3) the statute requires the court to enter
a written order of disposition briefly stating the facts upon which its decision to terminate the parental rights is made. An order of termination of parental rights, whether based on parental consent or after *1183 notice served as prescribed in this part, permanently deprives the parents or legal guardian of any right to the child.
Id. (emphasis supplied). In this "final" disposition order, the court must also provide for a post-disposition hearing, at which the Department presents a permanent plan for the child's placement. In addition, the court may, after considering the "best interests of the child," order that the parents or relatives may have a finite amount of contact with the child while he or she is pending adoption. § 39.469(5), Fla. Stat. (1995).[1]

MOORE
Based upon an analysis of this framework, the Moore court concluded:
The statutory scheme contemplates entry of two written orders relative to a termination of parental rights, the first after the adjudicatory hearing and the second, a dispositional order wherein the "court shall enter a written order of disposition briefly stating the facts upon which its decision to terminate parental rights is made." Moore filed his notice of appeal directed to the adjudicatory order entered by Judge Mathis.
In In the Interest of T.M. and F.M., 614 So.2d 561 (Fla. 1st DCA 1993) (motion to dismiss denied), 622 So.2d 589 (Fla. 1st DCA 1993), approved, 641 So.2d 410 (Fla. 1994), a similar situation arose and the question of the appealability of an adjudicatory order terminating parental rights was addressed. The First District, in denying a motion to dismiss the appeal as coming from a non-appealable order, stated:
As discussed by this court in the context of delinquency proceedings, the orders authorized by chapter 39 of the Florida Statutes do not always fit neatly into the traditional categories of final and non-final orders. See C.L.S. v. State, 586 So.2d 1173 (Fla. 1st DCA 1991). We nevertheless regard the September 21 [adjudicatory] order as sufficiently final *1184 on the question of the father's parental rights to be appealable. Even if it were not and only the November 9 [dispositional] order is appealable, we would treat the October 16 notice of appeal as prematurely filed and accept jurisdiction.
Since the statutory scheme contemplates entry of two orders on the issue of termination of parental rights, we hold that it is the second or dispositional order which is the final order for purposes of appeal. Thus, as referenced in T.M., a notice of appeal directed to an adjudicatory order should simply be treated as a premature notice which is held in abeyance until entry of the dispositional order. Since the notice of appeal is premature, it would not act to divest the trial court of jurisdiction and the court could proceed to enter the dispositional order.
664 So.2d at 1139 (emphasis supplied). Hence, the Fifth District concluded, contrary to the holding of the First District here, that the prior termination order may be reviewed in an appeal from the later dispositional order. While we agree with this conclusion, we also agree with the First District that the initial order terminating parental rights is appealable, and, in fact, we encourage parents and other parties to these proceedings to initiate an appeal at the earliest reasonable opportunity in order to carry out the policy of this Court and the legislature to expedite proceedings involving the lives of young children.
As can be seen from the foregoing discussion of the statutes, there appears to be a reasonable basis for the holdings in both the conflicting district court opinions in G.L.S. and Moore. That is, there is support for a holding that an appeal could be immediately taken from the initial order terminating parental rights, and for the holding that termination may be challenged in an appeal of the subsequent adjudication order. Because the later disposition order provided for in section 39.469(3) is required to speak to the issue of termination, an ambiguity is created as to which order, the order terminating, or the disposition order, is truly the "final order" in the termination proceedings. The provision in the statutes for post-termination contact by a parent may also be cited to support this view.
The contention that disposition orders constitute a final judgment is also consistent with the ambiguous post-disposition statutory framework. Section 39.47, Florida Statutes (1995), contemplates the effect of final judgment both on the parent's right to notification of subsequent adoption proceedings and the custodian's rights to arrange for the child's permanent placement. The legislature, in subsection (5), emphasizes that the placement agency should proceed quickly "following a final judgment terminating parental rights." § 39.47, Fla. Stat. (1995). As this mandate was placed in the section following "powers of disposition," it seems to suggest that the legislature envisioned the disposition order would be the final one.[2]

RULES
On the other hand, both the juvenile rules and appellate rules suggest that the initial order terminating parental rights is final, and hence, appealable. The juvenile procedure rules govern child dependency proceedings "unless otherwise provided by law." § 39.46(1), Fla. Stat. (1995). Relevant to this issue, rule 8.525, entitled "Adjudicatory Hearings," includes a subsection on final judgments, which provides:[3]
*1185 (i) Final Judgment.
(1) Terminating Parental Rights. If the court finds after all of the evidence has been presented that the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights. The order must contain the findings of fact and conclusions of law upon which the decision was based.
Fla. R. Juv. P. 8.525(i)(1)(1996). This rule indicates that the adjudicatory order is complete and final on the issue of parental rights termination.
Rule 9.146 was added to the rules of appellate procedure in 1997, see Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 777 (Fla.1996) (establishing effective date of January 1, 1997, for new amendments), specifically providing:
(b) Appeals Permitted. Any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding affected by an order of the lower tribunal, or the appropriate state agency as provided by law may appeal to the appropriate court within the time and in the manner prescribed by these rules.
(c) Stay of Proceedings.
....
(2) Termination of Parental Rights. The taking of an appeal shall not operate as a stay in any case unless pursuant to an order of the court, except that a termination of parental rights order with placement of the child with a licensed child-placing agency or the Department of Children and Family Services for subsequent adoption shall be suspended while the appeal is pending, but the child shall continue in custody under the order until the appeal is decided.
Id. at 809 (emphasis added); Fla. R.App. P. 9.146(b), (c)(2). These provisions also support an appeal from the initial order terminating parental rights.
While we conclude that it is proper and preferable that an appeal be taken from the earlier order, we hold that the statutory scheme is sufficiently ambiguous, and the right in question so important, that a termination order entered under the then-prevailing statutory scheme in this case was also subject to review in an appeal from the subsequent disposition order. To its credit, the Department, even in urging that we find the initial termination order to be a final, appealable order, urges us to allow G.L.S. and similarly situated persons to contest the termination in an appeal from the later order under this statutory scheme. We applaud the Department's concern and candor. We also find that the concurring opinion in G.L.S. offers a reasonable construction of the relevant statutory framework and a practical solution to the confused scheme discussed above. 700 So.2d at 100 (Van Nortwick, J., specially concurring).
Judge Van Nortwick suggests that adjudication orders should be treated as "partial final judgments" under rule 9.110, which could be reviewed after the adjudicatory ruling on termination is entered or the second, final judgment is rendered:
Given the frequent two-step nature of proceedings seeking to terminate parental rights, see sections 39.459-39.474, Florida Statutes (1995); T.M., 614 So.2d at 561; Moore, 664 So.2d at 1139-40, I would treat the initial adjudication order as a partial final judgment under rule 9.110(k), Florida Rules of Appellate Procedure. Rule 9.110(k) provides in part that "[p]artial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case." I recognize that the issues of termination of parental rights and disposition *1186 of the custody of the child or children are related. Obviously, the entry of a termination ruling is a condition precedent to a disposition order. § 39.469, Fla. Stat. (1995). Further, by the nature of a termination proceeding, the adjudication order would not "totally dispose of an entire case as to any party," id., and, thus, rule 9.110 would not mandate an appeal of the adjudication order. Nevertheless, the issues of termination and disposition would seem to be separate and distinct and not interdependent. Compare El Segundo Original Rey de la Pizza Cubana, Inc. v. Rey Pizza Corp., 676 So.2d 1031, 1032 (Fla. 3d DCA 1996). Under the statutory scheme, the issue of termination may be determined as a separate, independent matter following the adjudicatory hearing. See §§ 39.467 and 39.469, Fla. Stat. (1995). In such event, as to the parties, the issues of termination and disposition are similar to two separate and distinct causes of action in a single proceeding. See Mendez v. West Flagler Family Assoc., Inc., 303 So.2d 1, 5 (1974). Thus, if, as in the instant case, the adjudication order is sufficiently final as to termination of parental rights to dispose of that separate, independent issue, under rule 9.110(k) a party would be able either to appeal the termination order or, as here, to wait until the entry of the second (dispositional) order and appeal both the termination and dispositional orders. See Gordon v. Omni Equities, Inc., 605 So.2d 538 (Fla. 1st DCA 1992); Redd v. Talley, 584 So.2d 616, 617-618 (Fla. 1st DCA 1991).
We agree with this analysis and practical approach to the issue and adopt it as our own.[4] Under this analysis an appeal may be taken from the earliest order terminating parental rights, but parents will not forfeit their appellate rights by virtue of the ambiguous statutory scheme we have construed today.

EXPEDITED REVIEW
While not directly implicated in this case, we believe that one additional facet of termination proceedings deserves comment. Both this Court and the legislature have mandated that priority be given to appeals in termination cases. Consistent with this policy, the First District was properly concerned here that review of termination orders receive prompt attention since the future of a young child is, in essence, being put on hold. We agree that parties should be encouraged to initiate and prosecute their appeals with all due speed allowed by the law and consistent with a fair and orderly resolution of the issues.
The legislature has emphasized that rapid resolution of these cases protects the affected parties, especially the children. This accent on expedited process has become apparent in amendments to the statutory framework. For example, the 1990 legislature added a second sentence to section 39.473(1), stating: "The district court of appeal shall give an appeal from an order terminating parental rights priority in docketing and shall render a decision on the appeal as expeditiously as possible." § 39.473, Fla. Stat. (1991).[5]
Consistent with that directive, the district courts have correctly emphasized the need to move these cases quickly through the judicial system.[6]See In Interest of C.G. v. State, *1187 Dept. of Health and Rehabilitative Services, 609 So.2d 631, 632 (Fla. 2d DCA 1992). Florida courts have also construed the appeal of a termination order to suspend further adoption proceedings. See In Interest of J.R.G. v. State, Dept. of Health and Rehabilitative Services, 624 So.2d 273 (Fla. 2d DCA 1993).[7] Although the court in C.G. allowed an extension for filing the appellant's brief, it especially emphasized the importance of expeditious treatment:
Even before the legislature mandated expedited appeals in parental termination cases, it was the policy of this court to expedite such appeals. In this case, the lives of two young children remain in limbo because one or more adults have not cared enough to perform the simple task of preparing a record on appeal.
609 So.2d at 632.
As C.G. and J.R.G. vividly demonstrate, the importance of timely finality for the children involved in these proceedings cannot be overstated. Hopefully the affected parties will recognize the need to seek review as soon as is reasonably possible, and the courts will act expeditiously, but with caution and care, to resolve these sensitive issues.
Accordingly, we quash G.L.S. and remand this case to the district court with directions to reinstate G.L.S.'s appeal. We approve Moore to the extent it is consistent with this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS and PARIENTE, JJ., concur.
NOTES
[1] In fact, section 39.469(1) previously required the court to hold a disposition hearing, but the 1994 amendments eliminated this language. See Ch. 94-164, Laws of Fla. § 39. It formerly read:

(1) DISPOSITION HEARING.At the disposition hearing, if the court finds that the facts alleged in the petition for termination of parental rights were proven in the adjudicatory hearing, the court shall receive and consider a predisposition study which shall be in writing and be presented by the department....
(a) The predisposition study shall provide the court with documentation indicating what action is manifestly in the best interests of the child, including the need for termination of parental rights.
(b) A copy of the predisposition report shall be provided to the attorney of record of the parent, parents, or guardian and the guardian ad litem of the child at least 48 hours prior to the disposition hearing but shall not be released prior to the conclusion of the adjudicatory hearing.
(c) Any other relevant and material evidence, including other written or oral reports, may be received by the court in its effort to determine the action to be taken with regard to the child and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
§ 39.469(1), Fla. Stat. (1993)(emphasis added). Within this previous framework, the disposition hearing clearly entertained the issue of parental termination.
We note that neither the statute in effect at the time G.L.S.'s parental rights were terminated nor the statute as recently amended makes any reference to whether a trial court must hold a hearing at the time it enters the written disposition order after terminating parental rights. The recent changes to the rules of juvenile procedure, which deleted rule 8.530, providing for a disposition hearing, see In re Amendments to the Florida Rules of Juvenile Procedure, 23 Fla. L. Weekly S493, 725 So.2d 296 (Fla.1998), appear to comport with the notion that a hearing is no longer required. Nevertheless, this change does not affect the overall requirement that disposition orders state in writing the grounds for terminating parental rights.
The 1994 legislature also repealed a section entitled "orders of adjudication," which immediately followed the section on adjudicatory hearings and preceded the section on disposition hearings. See § 39.468, Fla. Stat. (1993) (repealed 1994). This section provided, in relevant part:
(1) If the court finds that all of the elements of section 39.467(3) have been met, the court shall enter a written order to that effect and shall thereafter have full authority under this chapter to provide for the child who is the subject of the adjudication for termination of parental rights.
....
(3) The court shall enter an order of adjudication briefly stating the facts upon which its finding is made.
Id.
[2] We note that the legislature recently amended this section by renumbering it as section 39.812 and deleting the language in subsection (5). See Ch. 98-403, § 94 Laws of Florida. While the deletion of this portion of former section 39.47 does not remove all of the ambiguity as to whether the legislature intended only disposition orders to be appealable, it does lend support to our conclusion that both the initial order terminating parental rights and the subsequent disposition order are appealable.
[3] Rule 8.525 was amended in 1998 to comport with the recent legislative changes to the statutory provisions in chapter 39, see In re: Amendments to the Florida Rules of Juvenile Procedure, 23 Fla. L. Weekly S493, 725 So.2d 296 (Fla. 1998), and now provides:

RULE 8.525. ADJUDICATORY HEARINGS
...
(i) Final Judgment.
(A) Terminating Parental Rights.
If the court finds after all of the evidence has been presented that the elements and one of the grounds for termination of parental rights have been established by clear and convincing evidence, the court shall enter a final judgment terminating parental rights and proceed with dispositional alternatives as provided by law. The order must contain the findings of fact and conclusions of law upon which the decision was based. The parties may stipulate, or the court may order, that parents or relatives of the parent whose rights are terminated be allowed to maintain some contact with the child. If the court orders continued contact, the nature and frequency of such contact must be set forth in a written order. The visitation order may be reviewed on motion of any party, including a prospective adoptive parent, and must be reviewed by the court at the time the child is adopted.
We also note that rule 8.530 covering disposition hearings has been eliminated in the 1998 revisions. These revisions to the rules may eliminate the problem involved herein by providing for only one order, a final order terminating parental rights.
[4] The First District has previously noted that neither adjudicatory nor disposition orders fit the profile of final or nonfinal orders. See In Interest of T.M. v. Department of Health and Rehabilitative Services, 614 So.2d 561, 562 (Fla. 1st DCA 1991). In T.M., the district court took a functional approach and held that an adjudicatory order was final for purposes of appeal. 614 So.2d at 562. In so holding, the court reasoned that the adjudicatory order adequately disposed of the issue of parental termination. Id. The court went on to opine that if it were not sufficiently final for immediate appeal, an adjudicatory order could still trigger the district court's jurisdiction. Id.
[5] The legislative intent found in section 39.001, Florida Statutes (1995), also focuses on the accuracy and fundamental fairness of the proceedings. In section 39.001, the legislative purpose stresses due process and other constitutional guarantees, safe and stable permanent placement of the child, and preservation of "the child's family ties whenever possible, removing the child from parental custody only when his or her welfare or the safety and protection of the public cannot be adequately safeguarded without such removal." § 39.001(1)(d), Fla. Stat. (1997). When weighed against parental rights, the goal of expedited process weighs heavily in child dependency cases.
[6] The Fourth District Court of Appeal has adopted procedures for termination of parental rights and adoption cases whereby such cases are automatically expedited through the appellate process. See C.S. v. S.H., 671 So.2d 260, 270 n. 11 (Fla. 4th DCA 1996).
[7] In J.R.G., the Second District interpreted section 39.473(3) to require that

an order of adoption should not be entered until a written order terminating parental rights has been filed and until it is clear that such order will not be affected by rehearing or appeal.... [The trial] court will not have authority to permit an adoption until this court issues its mandate in the appeal of the order terminating parental rights.
Id. at 275; see also Kingsley v. Kingsley, 623 So.2d 780, 789-90 (Fla. 5th DCA 1993)(embracing the Second District's analysis). The district court in J.R.G stressed the importance of this consideration:
[W]e hope that the circuit court's serious procedural error will have no great impact upon the children and the several affected adults. If we had been required to reverse the order terminating parental rights, however, the error could have caused serious consequences for these people.
624 So.2d at 275. The court's concern demonstrates the real life repercussions that may result from an unclear or imprudent rule of appellate procedure in this type of case. More tangibly, it points out the importance of finality and fairness on one hand, and prompt action on the other.