PER CURIAM.
Frank A. Kreidler, a member of The Florida Bar, and Jack Harkness, Executive Director of The Florida Bar, have filed an emergency petition to amend Florida Rule of Judicial Administration 2.052(a), Calendar Conflicts, to give termination of parental rights cases priority over other types of cases. We have jurisdiction. See Art. V, § 2(a), Fla. Const.
In May 1998, Mr. Kreidler filed with this Court the proposed amendment to rule 2.052(a) contained in the instant petition; and the proposal was forwarded to the Rules of Judicial Administration Committee in accordance with Florida Rule of Judicial Administration 2.130(b). When the Rules Committee failed to act on his proposal, Mr. Kreidler took the proposal to The Florida Bar Board of Governors, which unanimously endorsed the proposed rule change in April 1999. See Fla.R.Jud.Admin. 2.130(d) (providing that if committee rejects proposal, the proponent may submit the proposal to the Board of Governors). The petition was published for comment and comments both for and against the amendment have been received.
Rule 2.052(a), Calendar Conflicts, outlines the general case priority to be considered in resolving calendar conflicts when attorneys represent persons whose cases are scheduled for hearings in different courtrooms at the same time. In such instances, obviously the, attorney cannot be in two different places at the same time. That rule currently provides that criminal cases take priority over civil cases, and jury trials take priority over nonjury trials. Because termination of parental rights proceedings do not fit neatly into either subdivision (a)(1) (criminal cases prevail over civil) or (a)(2) (jury trials prevail over nonjury trials) of the current rule, the petitioners seek to amend the rule to give termination cases priority over other types of cases.[1] The petitioners maintain that in light of state and federal laws promoting permanent placement of dependent children[2] and mandating the expedited han *153 dling of termination of parental rights cases,[3] these cases should be given the highest priority under rule 2.052(a). According to the petitioners, termination of parental rights trials often involve numerous parties, lawyers, and witnesses. Thus, if, at the last minute, one lawyer is called to trial on a higher priority case, a child’s placement status can be delayed for months while a mutually available trial date is found. The petitioners urge that, as a fundamental policy matter, children must not stay in foster care while their cases languish in the courts. In order to avoid this situation, the petitioners ask us to amend rule 2.052(a) to give termination of parental rights cases priority over other types of cases. While we agree with the petitioner, we believe this issue should be addressed on a broader front than just the conflict rule.
Governor Bush and Kathleen A. Kear-ney, Secretary of the Department of Children and Families, support the proposed amendment, while the Juvenile Court Rules Committee proposes a slightly modified version of the amendment, which would give priority to contested termination of parental rights trials.[4] The Rules of Judicial Administration Committee and Chief Judge Dale Ross of the Seventeenth Judicial Circuit oppose the rule change. The proponents, like the petitioners, urge the adoption of the amendment in order to ensure the expedited handling of this serious class of cases, the processing of which can prolong the temporary placement of dependent children. While sensitive to the importance of the prompt resolution of termination of parental rights cases, the Rules of Judicial Administration Committee does not believe that an emergency amendment to rule 2.052 is the best way to address whether this class of cases should be granted priority over other cases. The Committee points out that rule 2.052, which is entitled “Calendar Conflicts,” was designed to address attorney scheduling conflicts and is based on the 1995 Resolution of the Florida State-Federal Judicial Council Regarding Calendar Conflicts Between State and Federal Courts. Rule 2.052 was intended to ensure that the same guidelines for resolving scheduling conflicts were used in the state rule as are used in the Resolution adopted by the State-Federal Judicial Council, which is contained in the committee notes to the rule. The rule was not designed to set priorities for any specific categories of cases.
We strongly agree with the proponents of this petition that steps must be taken to ensure the expedited processing of termination of parental rights cases, and other time sensitive issues concerning the custody and placement of children. However, after reviewing the petition, considering the comments, and hearing arguments, we decline to adopt the proposed emergency amendment at this time. We opt instead *154 to address the issue on a broader front. Like the Legislature, this Court has recognized that termination of parental rights cases are important proceedings that should be expedited in order to ensure that children in foster care are permanently placed as soon as possible. See, e.g., G.L.S. v. Department of Children and Families, 724 So.2d 1181 (Fla.1998) (recognizing that it is the policy of this Court and the Legislature to expedite termination of parental rights proceedings and other cases that affect children). However, we agree with the Rules of Judicial Administration Committee that a rule designed solely to address calendar conflicts is only a tiny part of the issue and is not the appropriate place to address the broad policy issue presented here — how to ensure the expedited handling of cases affecting the placement of children.
Rule 2.052, like the Resolution after which it is modeled, offers broad guidelines for addressing calendar conflicts and was not intended to outline specific types of cases that might warrant priority handling in the trial courts. Rule 2.052 does not address the relative importance of any particular type of case. The rule simply provides general guidelines to be considered in resolving calendar conflicts. It leaves the resolution of such conflicts to the sound discretion of the presiding judges who may consider all relevant circumstances. See Fla.R.Jud.Admin. 2.052(b).
While we decline to amend rule 2.052 as proposed here, we recognize that cases involving the termination of parental rights are time-sensitive cases that warrant special consideration. We also recognize that this petition presents a broader issue than the priority to be given termination of parental rights cases when resolving calendar conflicts. According to Secretary Kearney, the most recent data from July 1, 1998, to June 30, 1999, indicates that statewide it is taking on the average of 7.2 months from the filing of the petition for termination of parental rights for the termination to be finalized even in uncontested cases. The department is timely filing the petitions for termination of parental rights but, according to the Secretary, the problem is with scheduling the hearings. Termination of parental rights cases presents time-sensitive issues and unnecessary delays should not be permitted. In several opinions we urged the allocation of judicial resources to the juvenile divisions of our courts. See, e.g., In re Certification of Need for Additional Judges, 755 So.2d 79 (Fla.2000); In re Certification of Need for Additional Judges, 728 So.2d 730 (Fla.1999); Amendment to Florida Rule of Juvenile Procedure 8.100(a), 753 So.2d 541 (Fla.1999).
This petition brings to the forefront the important question of whether termination of parental rights cases and other trial-level proceedings related to the placement of children should be given priority as is done in the appellate context. In this regard, Florida Rule of Appellate Procedure 9.146(g) directs appellate courts to give priority to proceedings in termination of parental rights and juvenile dependency cases and cases involving families and children in need of services. In accordance with the appellate rule, which applies to the general processing of these appeals, our appellate courts have adopted internal operating procedures to ensure the expedited handling of these cases. However, there is no counterpart to appellate rule 9.146(g) which addresses the priority to be given trial-level proceedings relating to children. This pressing issue can no longer be ignored.
Because we believe that this is an important issue that should be given thorough consideration, we ask the Rules of Judicial Administration Committee to consider ways to ensure the expedited trial-level processing of these and other time-sensitive cases. In this regard, the Committee should not only consider whether a rule similar to rule 9.146(g) is warranted for trial-level proceedings, it also should consider what other rule changes can be made *155 in order to ensure the timely processing of cases relating to children and other time-sensitive cases. For example, the Committee might consider, among other options, whether a broad-based rule establishing priorities for all time-sensitive trial-level proceedings should be adopted; whether time standards should be adopted to ensure compliance with statutory time lines; and whether rule 2.052(a) should be amended to give specific guidance as to the priority to be given specific categories of cases that might warrant expedited handling.[5]
Because we would like special emphasis to be given to proceedings relating to children, the Rules of Judicial Administration Committee should work closely with the Juvenile Court Rules Committee and other committees that may have special expertise that would be of assistance in considering these matters. The Rules of Judicial Administration Committee should file its report and recommendations with the Court within nine months from the date of this opinion. If more time is required to adequately consider the matter, a motion for extension of time should be filed with the Clerk of the Court.
Accordingly, we decline to adopt the proposed amendment but refer the matter to the rules committee for further consideration. In the meantime, while we are considering the broader issue, when conflicts exist, trial judges should give priority to time-sensitive cases, as has traditionally been done in the criminal divisions where speedy trial issues exist. While the conflict rule is only a small part of a larger issue involving children, its proper use can benefit numerous children while we work on the larger problems.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion, in which ANSTEAD and PARIENTE, JJ., concur.

. The petitioners propose the following amendment:
Rule 2.052. Calendar Conflicts
(a) Priorities. In resolving calendar conflicts between the state courts of Florida or between a state court and a federal court in Florida, the following case priority must be considered:
(1) Termination of parental rights cases should prevail over jury and non-jury criminal and civil cases.
(42) Criminal cases should prevail over civil cases.
(¿3) Jury trials should prevail over non-jury trials.
(44) Appellate arguments, hearings, and conferences should prevail over trial court proceedings.
(45) The case in which the trial date has been first set should take precedence.

. See, e.g., § 39.001 (h) — (j), Fla.Stat. (1999) (recognizing permanent placement for dependent children as one purpose of Chapter 39); § 39.701(8)(f), Fla.Stat. (1999) (requiring judicial review to plan for child’s permanency *153 no later than 12 months after the date the child is placed in shelter care); § 39.703(2), Fla.Stat. (1999) (requiring initiation of termination of parental rights proceedings within 30 days of judicial review hearing if at the hearing the child is not returned to the physical custody of the parents); 42 U.S.C. § 675(5)(C)(Supp. Ill 1998) (requiring a permanency hearing be held within 12 months of placement in foster care).

. See, e.g., § 39.808, Fla.Stat. (1999) (setting strict time standards for termination of parental rights proceedings).

. The Juvenile Court Rules Committee proposal reads as follows:
(a) Priorities. In resolving calendar conflicts between the state courts of Florida or between a state court and a federal court in Florida, the following case priority must be considered:
(1) Contested termination of parental rights trials should prevail over jury and nonjury civil and criminal trials, other than capital trials.
(4-2) Criminal cases should prevail over civil cases.
(43) Jury trials should prevail over non-jury trials.
(34) Appellate arguments, hearings, and conferences should prevail over trial court proceedings.
(45) The case in which the trial date has been first set should take precedence.

. We believe that the Rules of Judicial Administration Committee is best suited to consider this broad issue not only because of its diverse membership but also because any resulting rules establishing priorities for trial-level proceedings likely should be included in the Rules of Judicial Administration.