812 So.2d 509 (2002)
In the Interest of M.A.D. and T.A.D., Children.
Department of Children and Family Services, Appellant,
v.
G.S.C., J.A.D., A.T.C., and G.A., Appellees.
No. 2D01-5312.
District Court of Appeal of Florida, Second District.
March 20, 2002.
*510 George Gardner, Department of Children and Families, Lakeland, for Appellant.
Beth Harlan, Lakeland, for Appellee G.S.C.
No Appearance for Appellees J.A.D., A.T.C., and G.A.

INTERIM ORDER GRANTING EMERGENCY MOTION FOR RELIEF FROM STAY
DAVIS, Judge.
G.S.C., the appellee and mother of three dependent children,[1] filed an emergency motion for relief from an order that stayed a previous order. The previous order denied a petition for termination of parental rights and directed that the children be *511 returned to her. By order dated December 21, 2001, we granted the motion indicating that this opinion would follow.
The Department of Children and Family Services (Department) filed a petition to terminate the parental rights of G.S.C. to her children. After an adjudicatory hearing, the trial court denied the petition and directed that the children be sent to New York for a visit with G.S.C. pending approval of the placement through the Interstate Compact on the Placement of Children, section 409.401, Florida Statutes (2001).
The Department then appealed the order denying the petition for termination of parental rights. After the notice of appeal was filed, G.S.C. filed a motion seeking immediate placement of the children with her, to which the Department objected, contending that its notice of appeal acted as an automatic stay that precluded changing the placement of the children during the pendency of the appeal. The trial court determined that the Department was correct and denied the mother's motion for modification of placement. G.S.C. then filed her emergency motion for relief from stay with this court.
Two rules and a statute address the effect that a notice of appeal of an order concerning termination of parental rights has on the placement of the children who are the subject of the order. Florida Rule of Appellate Procedure 9.146(c)(2) and section 39.815(3), Florida Statutes (2001), both provide that an appeal of a termination order does not operate as a stay unless the order directs that a child be placed for subsequent adoption. In that case, the child remains in the Department's custody until the appeal is resolved. Florida Rule of Juvenile Procedure 8.275(a) provides that an appeal in a termination of parental rights case acts as a supersedeas, "but the child shall continue in an out-of-home placement under the order until the appeal is decided." Rule 8.275(c) states that the rule "shall be to the exclusion of any other court rule providing for supersedeas on appeal."
The juvenile rule appears to conflict with the statute and the appellate rule. However, rule 8.275(a) was adopted "in an effort to ensure consistency between the Juvenile Rules and Chapter 39," after major revisions to chapter 39 were enacted by the Florida Legislature. Amendments to the Florida Rules of Juvenile Procedure, 753 So.2d 1214, 1214 (Fla.1999). The appendix to the opinion adopting the amendments indicates that rule 8.275(a) was necessitated by the enactment of section 39.815(3). Id. at 1215. Consequently, rule 8.275(a) should be read in accord with section 39.815(3) as providing for an automatic stay in a termination case when the court has terminated parental rights and directed that the child be placed for subsequent adoption. Such a rule avoids the possibly devastating consequences of permitting a child to be adopted only to have the termination of parental rights judgment reversed on appeal. See In re J.R.G., 624 So.2d 273, 275 (Fla. 2d DCA 1993).
However, in this case the trial court determined that the Department did not prove a legal basis to terminate G.S.C.'s rights to her children. More significantly, the trial court, after hearing all of the Department's evidence in support of its goal to terminate G.S.C.'s parental rights, found that G.S.C. had complied with her case plan, that the safety and well-being of the children would not be endangered if they lived with her, and that it was in the best interests of the children to be returned to their mother.
To require that the children remain in foster care pending resolution of the Department's appeal under these circumstances *512 would not serve the purposes of chapter 39 as reflected in section 39.001. In particular, the legislative directive set out in section 39.001(1)(h), that no child remain in foster care longer than one year, has already been thwarted by the fact that the children have been in foster care since April 16, 1998. Continuing to hold these children in foster care after the trial court has made the finding that they can be returned to their mother safely would only prolong the state-imposed absence of stability in the lives of these children.
Although the filing of a notice of appeal by the Department does not stay the trial court's order reuniting the family, the Department has the option of seeking a stay in the trial court pursuant to rule 8.275(b). If the trial court denies the stay, the Department can seek review of the denial in this court under Florida Rule of Appellate Procedure 9.310(f). Thus, the absence of an automatic stay provision does not give the trial court unfettered discretion concerning placement of the children.
In summary, we find that rule 9.146(c)(2), section 39.815(3), and rule 8.275(a) provide that orders granting termination of parental rights and directing that the child be placed for adoption are stayed by the filing of a notice of appeal. When the termination petition is denied, a party may seek a stay in the trial court.
Motion granted by order dated December 21, 2001; trial court's order staying the children's change of placement quashed.
BLUE, C.J., and COVINGTON, J., concur.
NOTES
[1] The termination petition sought to terminate G.S.C.'s rights to three children. She agreed to surrender her parental rights to the oldest child prior to the hearing. This appeal addresses the two other children.